Ruffin, C. J.
 

 The Court is of opinion, that it was not correct to non-suit the plaintiffs on the ground stated. The action is brought by the persons, and all the persons, to whom the deed was made ; and if it passed the legal title to them, in any capacity, they have the right to bring this action. It is true, that in the writ and declaration, the plaintiffs are styled “trustees but, by itself, the-t is an unmeaning term, and does not affect the proceedings for good or harm, but is mere surplusage. The action, in all such cases, is brought by the plaintiffs, in their natural capacity; for, as they are not incorporated, they have no name by which they can describe themselves in pleading,
 
 *47
 
 but their names as natural persons. It is enough, therefore, to sustain their action, that they shew a legal title in them by a conveyance, or otherwise. Where the plaintiffs, as here, are the very persons to whom the deed for the premises was made, they must recover on the legal title, which is in them, for their lives, at least, by operation of the deed, under the general law, and without any help from the act concerning Religious Societies. It is when a suit is brought by persons, who claim as “successors,” that the question arises, whether the original bargainees were duly chosen the Trustees of a religious congregation, and whether the persons suing were also duly chosen Trustees, so as to give them legally the character of “successors” to the former, and thereby vest in them the title to the property, which is necessary to support their action. But these plaintiffs are not obliged to shew themselves to be Trustees by election of the congregation, according to the statute, because by the deed, they have the title ; and it does not impair their title, that they hold it as trustees, by contract, for a religious society. That observation distinguishes this case from those of
 
 the Trustees of the Contentnea Meeting
 
 v.
 
 Dickinson,
 
 1 Dev. 189, and
 
 White
 
 v.
 
 White,
 
 1 Dev. & Bat. 260; on which the objections here were probably raised. There, the deeds were made to persons,
 
 \\
 
 ho were admitted to be the Trustees of the societies, duly chosen, and in the former case, the action was by successors ; and the Court held, that the deeds were inoperative, because they were made, not in truth, in trust for the society, but in fraud of the law, and against its policy, upon a forbidden trust to emancipate the slaves, or to hold them in a state of
 
 quasi
 
 freedom. The Court could not therefore, in
 
 White
 
 v.
 
 White,
 
 upon any just ground, uphold the deed to the trustees as made to them and without regard to their relation to the society, against the express terms of the deed itself, and also against the actual intention of the parties to the instrument. But here the defendants deny that
 
 *48
 
 the plaintiffs were the trustees of the congregation of Methodists; and, indeed base the objection to their recovery on that very ground. If that be true, there is, plainly, no reason against the operation of the deed, as one founded on a good consideration, and to persons in their natural capacity ; for the plaintiffs would, then, have but their natural capacity, and there is nothing immoral or illegal in their taking a conveyance of land to them, as natural persons, in trust, to allow a Christian church to erect on it, and use, a place of worship. The plaintiffs were either the trustees duly chosen by the congregation, or they were not; and in either case, they can have this action. If the former be the truth, then their title would be sustained by the act of 1796, according to the defendants themselves. If the latter, then,independent of that act, the plaintiffs’ title would be good, because they had but a capacity as natural persons.
 

 Whether the trust can, or cannot, be enforced, is not material, for, not being for an immoral or unlawful purpose, it does not affect the operation of the deed, as a conveyance of the legal estate ; and therefore the point is not further considered here, but left for the cognizance of the Court, having the jurisdiction of trusts. These defendants, who are strangers and wrong-doers, have no concern with that question.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.