HAWAIIAN TRUST AND INVESTMENT COMPANY, LIMITED, *v.* ANNIE BARTON, HELEN A. DUNNING, A. V. GEAR AND T. F. LANSING (doing business under the firm name of Gear, Lansing & Co.), J. OSWALD LUTTED, J. J. SULLIVAN AND J. BUCKLEY (the last two named doing business under the firm name of Sullivan & Buckley).

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED FEBRUARY 24, 1903.    DECIDED MARCH 31, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

41—D.

The grantee named in a deed which conveys land to him in trust for the benefit of others may bring in his own name an action of ejectment against third parties for recovery of the property described in the deed or an interest therein.

## OPINION OF THE COURT BY PERRY, J.

This is an action of ejectment. At the close of the plaintiff's case, the defendant moved for a non-suit on the grounds, (1) "that plaintiff has not proved title in itself" and (2) "that plaintiff could only sue as trustee and the *cestui que trust* must be joined as plaintiff." The motion was granted. The proof was that the deed relied upon by the plaintiff was to "The Hawaiian Trust & Investment Co." with *habendum* to it, its successors and assigns, in trust to pay the net income to one Aldrich and to convey the land as directed in Aldrich's last will or, in failure of such will, to his heirs at law. The only question argued in defendant's brief is whether upon this proof the plaintiff can recover on a declaration wherein it is named simply "The Hawaiian Trust & Investment Co.", without describing itself as trustee for Aldrich, and wherein it claims "by purchase and otherwise a fee simple title."

In our opinion, the plaintiff established a *prima facie* case. The deed passed the legal title to the Hawaiian Trust & Investment Co., the plaintiff. That title was in fee simple. The purposes of the trust required it to be. The action is at law and not in equity. The equitable title is not in issue in this case, no question arising between the trustee and the *cestui que trust*. The case is not, as contended by the defendant, parallel with that of an administrator bringing replevin or a guardian suing in ejectment. The individual in the action of replevin has no title in himself but his right to the property is solely by virtue of his appointment as administrator; the title to the property sought to be recovered by the guardian is in the ward and, in modern practice at least, the action is therefore brought in the name of the ward, the guardian acting in the matter much as an agent would act. In the case before us, on the other hand, the title is

in the corporation itself although subject to certain trusts, which the beneficiary may enforce in appropriate proceedings.

See, on this subject generally, Underhill, Trusts §789; 2 Perry, Trusts, 475; 2 Beach, Trusts and Trustees, 410, 413, 414; Flint, Trustees, 126; Loring, A Trustee's Handbook, 22, 23; *Hawkins v. Berkshire*, 2 Allen 254, 258; *Crane v. Crane*, 4 Gray 323; *Davis v. R. R.*, 11 Cush. 506, 509; *Woodman v. Good*, 6 W. & S. (Pa.) 169, 173, 174; *Smith v. Portland*, 30 Fed. 734, 738; *Walker v. Fawcett*, 29 N. C. 44, 46, 47; *Treat v. Stanton*, 14 Conn. 445, 451; and *Cary v. Whitney*, 48 Me. 516, 524, 530.

The exceptions are sustained, the judgment set aside and a new trial ordered.

*Kinney, McClanahan & Bigelow* for plaintiff.

*Robertson & Wilder, Hatch & Silliman, Holmes & Stanley* and *G. A. Davis* for defendants.