V. L. BECK, Trustee, v. N. R. ZIMMERMAN and CATHARINE ZIM-
MERMAN.

The purchaser of a house, with notice that the same is subject to a deed of
trust, and who removes said house from the premises upon which it is
located, is liable in damages to the trustee.

The measure of damages in such case, is the value of the house standing
on the premises, the subject of the trust.

CIVIL ACTION tried before EURE, J., at February Term,
1876, of WASHINGTON Superior Court.

The action was brought to recover a balance alleged to be
due upon a bond, secured by a deed in trust upon certain
real property, executed by B. D. Bunnell to the plaintiff and
to subject a store house, a part of the property conveyed by
the deed in trust, which had been removed from the premises
to the payment of said balance.

In 1872, F. D. Bunnell purchased of the plaintiff and
Sarah Laverty, a lot in Elizabeth City upon which there
was a store house. A part of the purchase money was paid
in cash, and for the residue, amounting to $594.00, Bunnell
executed his bond, secured by deed of trust upon the store-
house and lot. The deed was registered on the 10th day of
April, 1872, and the plaintiff was named trustee therein.
The store-house constituted one-half the value of the prop-
erty conveyed by the deed of trust. The land without the
house was insufficient to pay the debt secured, but the land
and the house together were sufficient. After the registra-
tion of the deed to the plaintiff, Bunnell went into possession
of the property, and on April 26th, 1873, by parol agree-
ment, sold the house to the defendant N. R. Zimmerman,
who had notice of the deed of trust to the plaintiff, and who
was expressly notified by the plaintiff's attorney that the
trust was upon the house and lot, and that the debt had not
been paid.

There was no written instrument conveying the house from Bunnell to N. R. Zimmerman, nor the defendant Catherine E. Zimmerman, his wife.

On the — day of April, 1875, the plaintiff, by her attorney, sold the lot conveyed in the deed of trust at public auction, when the defendant, C. Zimmerman, became the purchaser for the sum of $364.00, and a deed was made to her for said lot. Prior to said sale the plaintiff's attorney demanded of both the defendants that the store-house which had been removed under the pretended sale by Bunnell, and put upon C. Zimmerman's lot, should be replaced or its value ascertained and applied as a credit on the note secured by the deed in trust. The proceeds of the sale of said lot were not sufficient by $361.00 to pay off the debt and interest. At the time of the sale it was announced that only the land was being sold, and that the sale did not embrace the claim or interest of the plaintiff in the store-house.

The bond given by Bunnell to the plaintiff had upon it her endorsement in blank, and was so endorsed before the land was sold and before the commencement of the action.

It was in evidence that the note had been given to W. F. Martin, an attorney, for collection ; that the plaintiff owned one-half the note and a niece of the plaintiff the other half.

The defendant's counsel insisted that the action could not be maintained in the name of the plaintiff, as her legal title passed by the endorsement.

The counsel for the plaintiff insisted that the plaintiff was a trustee of an express trust, and in that capacity had a right to sue without reference to her interest in the note.

His Honor, without deciding the point, remarked that he supposed the object of all parties was to settle the controversy in one suit, and that he would direct the record to be amended by making —— Smith, the niece of the plaintiff, a party plaintiff. The defendants excepted.

The following issues were submitted to the jury :

1. What was the value of town lot in April, 1875 ?

2. What was the value of the house removed from the lot ?

Counsel for the defendant requested the Court to charge the jury :

1. That if a mortgagor in possession of land, sells a house from the same to a third party and the same is removed from the land the mortgagee cannot follow said house, in the hands of the purchaser, nor in the hands of the party to whom the purchaser may sell the same ; nor can he maintain an action against either of them to recover the value of said house.

This instruction was refused, his Honor remarking that in the case at bar, the defendants had both actual and constructive notice of the trust upon the house and lot, and in the instruction asked for, nothing is said about notice.

That a mortgagor of land, in possession, owns the same as a freehold, and that the mortgagee has no interest in equity in said land except as a security for the debt named in the mortgage, and that this action brought to recover the house or its value, and being brought long after the house was removed, that the same cannot be maintained.

3. That the mortgage being only a security for the debt, and it being in evidence that the mortgagor is dead and the personal estate of the mortgagor being primarily liable for the debt, and there being no evidence of his insolvency, the plaintiff cannot recover. The Court declined this instruction, remarking that it was alleged in the complaint that unless the house was applied to the debt the balance due would be an entire loss, but that the jury might find the facts upon the issues submitted and the Court would deal with the questions of law afterwards.

4. That there being no charge or proof of any conspiring or combination between the purchaser, N. R. Zimmerman, and the mortgagor, Bunnell, the plaintiff could not recover.

The Court declined to charge as requested.

5. That there being no evidence of any connection of C. Zimmerman with the purchase or removal of the house from the land of the plaintiff, the plaintiff cannot recover.

This instruction was also refused by the Court.

6. That the land having been sold by the plaintiff and purchased by the defendant, C. Zimmerman, and by deed conveyed to her and the house now sued for being an appurtenant to said land, the title to said house was by said purchase of said land (if not by her previous one) vested in said Zimmerman, and, therefore, the plaintiff cannot recover in this action.

This instruction was refused by the court.

7. That if the plaintiff is entitled to anything, she can only recover the value of the house off the premises.

The Court refused the instruction and charged the jury that the plaintiff was entitled to the value of the house standing on the lot, that being its condition when conveyed in the trust deed, but directed the jury to respond to each of the issues submitted.

In response to the issues the jury found :

1. That the value of the town lot in April, 1875, with the house on it was $537.50.

2. That the value of the house removed from the lot was $125.00.

Thereupon the Court rendered judgment for the plainiffs for $172.00, the difference between what the property was worth with the store-house on it, and what it was worth with the store house removed, and granted the prayer of the complaint.

From this judgment the defendants appealed.

No counsel for appellant, in this Court.
*Gilliam & Pruden,* contra.

SETTLE, J. A mortgagor in possession, having executed

the mortgage upon a house and lot, in Elizabeth City, to secure the payment of the purchase money, sells, by parol, the house to the defendant, N. R. Zimmerman, who, after constructive notice, by registration of the mortgage deed, and also actual notice by the plaintiff's attorney, that the debt, secured by the mortgage, had not been paid, removed the house, which constituted half the value of the mortgaged premises, to a lot belonging to his wife; and they now gravely contend that they are not liable to the trustee, in the mortgage deed, for the damages arising from the tortious act of removing the house to the lands of the *feme* defendant and appropriating the same to their own use.

The statement of the proposition carries the answer with it, and is too plain for argument.

We also concur with his Honor as to the measure of damages.

The judgment of the Superior Court is affirmed.

Let this be certified, &c.

Per Curiam.                    Judgment affirmed.