M. C. KISER et al. v. JESSE COMBS.

*Action to Recover Possession of Land—Mortgagee—Immaterial Error.*

1. The legal title of lands passes by a mortgage to the mortgagee, who may maintain an action to recover possession of the same after default.

2. When the plaintiff is entitled to recover in any view of the testimony, error in giving instructions in his favor is harmless and not ground for reversal of the judgment.

ACTION to recover land, heard before *Graves, J.*, and a jury, at July Special Term, 1893, of CHEROKEE Superior Court.

On the trial the plaintiffs offered in evidence a deed from the defendant, Jesse Combs, to one Blackwell, dated July 22, 1889, a mortgage deed from Blackwell and wife to plaintiffs, dated 18th December, 1887, and the deed of R. L. Cooper, commissioner, to plaintiffs, dated August 25, 1892, together with the record in a suit by the plaintiffs against Blackwell and wife which had been brought to the Fall

KISER v. COMBS.

Term, 1891, of Cherokee Superior Court, with summons, affidavit for order of service by publication, order of publication and judgment at Fall Term, 1891. The defendant objected to the record on the ground that the affidavit made by R. L. Cooper, attorney, as the foundation for the order of service by publication, was not in compliance with the requirements of sections 218 and 219 of *The Code*, and that the judgment of foreclosure therein was null and void, as well as the deed of R. L. Cooper made in pursuance thereof.

His Honor held that he was precluded from passing on the question involved by the action of his predecessor in the judgment rendered at Fall Term, 1891, and charged the jury that the judgment could not be collaterally attacked.

The affidavit of R. L. Cooper, on which the publication of summons was obtained, was as follows:

R. L. Cooper, being duly sworn, says: "That he is attorney for the above-named plaintiff. That in the above entitled action now pending in the Superior Court of said county the Sheriff of said county has returned the summons issued to him in said action, indorsed, 'Due search made; defendant not to be found in Cherokee county.' That, as affiant is informed and believes, defendants therein cannot, after due diligence, be found within the State; that defendants above named are proper parties to said action, which is to foreclose a mortgage deed on real estate in this county executed by defendants.

"Wherefore plaintiff prays the Court that service of summons be made on said defendants by publication."

*Messrs. J. W. & R. L. Cooper* and *E. B. Norvell*, for plaintiffs.

No counsel *contra*.

AVERY, J.: Whatever difficulty we might have otherwise

encountered in establishing the identity between the present plaintiffs and the grantees, to whom the legal estate passed by the mortgage deed of Blackwell and wife, we are relieved by the admission in the answer that the mortgage deed was executed to "the plaintiffs." The fact that the foreclosure sale was ineffectual to transfer the title of Blackwell and wife, if admitted, would not therefore materially affect the right of the plaintiffs to recover on their legal title in this action, in which they declare and demand judgment that they are the legal owners and entitled to the possession. *Wittkowsky* v. *Watkins*, 84 N. C., 456; *Bruner* v. *Threadgill*, 88 N. C., 361. In this view of the controversy it becomes unnecessary to determine whether the affidavit, which constituted a part of the foreclosure proceeding, was insufficient, as was contended on behalf of the defendants. If the defendants were in truth non-residents of the State it may be questionable whether a more specific allegation that they had property in this State was not essential in order to give the Court jurisdiction *in rem*. The plaintiffs, being in possession, may determine whether the proceeding, a copy of which accompanied the statement of the case on appeal as an exhibit, was amenable to objection for failure to comply with the provisions of *The Code*, §218, or under the Fourteenth Amendment to the Federal Constitution, as insufficient to subject the property of a citizen of another State. *Winfree* v. *Bagley*, 102 N. C., 513. Another suit may still be brought for foreclosure if upon an investigation of the facts they are so advised.

The Judge might have told the jury that in any view of the testimony the plaintiffs, as the admitted holders of the legal title by virtue of the mortgage deed, were entitled to recover even if the foreclosure suit was not conclusive on the defendants, and it is therefore immaterial whether there was a harmless error in his instructions or not.

The judgment is                                   Affirmed.