HENRY B. STEVENS, GEORGE A. SHUFORD and JAMES H. MER-
    RIMAN v. C. L. SMATHERS and J. WILEY SHOOK.

(Decided May 2, 1899).

*Land   Mortgage—Trespass—Injury   to   Realty.*

1. Where a house is wrongfully pulled down and removed from
    mortgaged land, all the participants in the wrongful act are
    trespassers.
2. Any one, who with the knowledge of all the circumstances allows
    the material to be used in the reerection of the building on his
    own land, sanctions the trespass, and renders himself liable
    for the value of the removed house.

    CIVIL ACTION for special relief, tried before *Hoke, J.,* at
Spring Term, 1898, of HAYWOOD Superior Court.
    The plaintiff, Merrimon, was the owner by assignment
from plaintiff, Shuford, of a note for $1,000, executed by one
D. M. Shook, and defendant, J. Wiley Shook, and secured by
mortgage on house and lot from D. M. Shook and wife to
plaintiff, Stevens, as trustee.    In June, 1895, the defendant,
J. Wiley Shook, without permission from trustee, or any one
else, entered upon the mortgaged premises, and tore the
house down and removed the materials to a lot occupied by
him, belonging to defendant, Smathers, and reconstructed the
house thereon, using some additional lumber.    Shook con-

templated buying this lot, and on August 17, 1895, obtained a bond for title from Smathers for $250, but he never paid for the title. In a suit between them, the land was sold under decree of the Court by a commissioner, and was bought by Smathers at the contract price, and he now owns it.

There was evidence that Smathers knew of the tearing down of plaintiff's house by Shook, and the removal of the materials to the lot owned by himself.

The charge of his Honor, excepted to by defendants, is substantially stated in the opinion.

In response to the issues, the jury found:

1. That $339.25 was balance due on mortgage debt.

2. That defendants had wrongfully removed and detained said house and converted it to their own use.

3. That the value of the house was $150.

4. That the injury to the mortgaged premises was $150.

Judgment was rendered against defendant, Smathers, for value of house, $150, as determined by the jury, and he appealed.

*Messrs. Ferguson & Ferguson* and *Womack & Hayes,* for C. L. Smathers, defendant (appellant).

*Messrs. W. T. Crawford; Davidson & Jones; Merrimon & Merrimon,* and *George A. Shuford,* for plaintiffs.

CLARK, J. The plaintiff had a mortgage on a house and lot, to secure a debt due by J. Wiley Shook. The latter tore down the house, removed it and re-erected it upon the land of the defendant, Smathers. The jury found that the house when torn down was worth $150, and that the mortgaged property was impaired that much in value by its removal. The Court charged the jury (there being evidence to sustain the charge) that if the removal of the house to the

land of defendant Smathers, was with his knowledge and assent, and he knew before it was rebuilt on his land that it had been taken from the land covered by plaintiff's mortgage, his acquiescence therein made Smathers responsible for the value of the building. In this there was no error. *Horton v. Hensley,* 23 N. C., 163. We were treated to an argument whether the lien of plaintiff's mortgage was not destroyed by tearing down the house and rebuilding it upon Smathers' land. But this is not a case where the lien is sought to be enforced against the removed building—as .in *Turner v. Mebane,* 110 N. C., 413, where the house was bodily rolled across the road upon another tract.

Here no lien is sought to be enforced against the building, but the mortgagee asks a personal judgment against Smathers, who acquiesced in the removed building being rebuilt upon his own land with knowledge that it had been taken from premises covered by plaintiff's mortgage. The Court upon the verdict properly rendered judgment against Shook for the balance due on the mortgage debt, and against Smathers for $150, the value of the removed house, and by whose removal the plaintiff's security had been impaired to that amount, payment of said $150 to be credited on the mortgage debt.

No error.