JOHN MITCHELL, CHIEF STATE BANK EXAMINER, AND BLUE RIDGE BUILDING AND LOAN ASSOCIATION, A CORPORATION, PLAINTIFF, v. W. E. SHUFORD, DEFENDANT.

(Filed 27 January, 1931.)

**Mortgages H h—Receiver of insolvent trustee may not execute power of sale contained in deed of trust.**

Where a deed of trust is given to secure an indebtedness of the trustor the title passes to the trustee for the purpose of security, and the insolvency of the trustee does not affect his duty to make a sale under the power of sale contained in the deed, and where the trustee becomes insolvent after the right to foreclose has become fixed according to the terms of the deed, and a chief State Bank Examiner has been appointed, in the absence of statute, the said Bank Examiner may not exercise the power of sale, the remedy being a civil action by the holders of the notes against the trustor and the trustee, or proceedings to foreclose by the trustee under the power, or they all can agree upon a substitute trustee.

APPEAL by defendant from *MacRae, Special Judge,* at December Term, 1930, of BUNCOMBE. Reversed.

*I. M. Bailey and Geo. H. Wright for plaintiffs.*
*Heazel, Shuford & Hartshorn for defendant.*

CLARKSON, J. The question involved in this appeal is whether or not John Mitchell, Chief State Bank Examiner for the Corporation Commission, as liquidating agent of Central Bank and Trust Company of Asheville, an insolvent bank in the hands of said agent of said commission, can exercise the power of sale contained in a deed of trust to said bank as trustee, and make a deed to the purchaser at the sale under the power when such bank did not suspend operations and such examiner for said corporation did not take possession of said bank until after default, whereby the power of sale in such deed of trust became operative and after such bank had given notice of sale as required by the deed of trust and by law; and can exercise the power of sale contained in a deed of trust to said bank as trustee and make a deed to the purchaser at a sale held under the powers contained in said deed of trust? We think not.

From a careful examination of the statutes, we can find no authority, express or implied, for the Chief State Bank Examiner to perform the trust that the owner of the property placed in the Central Bank and Trust Company of Asheville to secure the indebtedness. It is not necessary to set forth the statutes and discuss them. Plaintiff nowhere cites any direct statutory authority and the inferential authority we do not think sufficiently persuasive to change a contract made between the owner of the property, the Central Bank and Trust Company, trustee, and the *cestui que trust,* the owner of the indebtedness. In the present controversy the property was conveyed to the Central Bank and Trust Company, trustee, on certain trusts and conditions and in said deed of trust is fully set out and contained a power of sale in words as follows: "But if the said parties of the first part shall make default in the payment of the said weekly interest *as* aforesaid, or shall fail or refuse to keep the building on said premises insured as aforesaid, or shall make default in any of the aforesaid stipulations for the space of thirty days, or shall cease to be a member of said association, then, and in such event the debt secured by this instrument shall become instantly due and payable, and the said party of the second part shall have the right, and it shall be its duty when requested by the party of the third part, to immediately enter upon and take possession of the said premises hereby conveyed, and sell the same at public auction for cash or credit, as in its judgment may best subserve the purpose of this deed, first giving notice of sale once a week for four successive weeks in some newspaper published in said city of Asheville, and shall make and deliver to the purchaser thereof a title thereto."

It is settled by numerous authorities that the power of sale contained in a deed of trust is contractual. *Eubanks v. Becton,* 158 N. C., 231; *Brown v. Jennings,* 188 N. C., 155. All the parties to the contract are entitled to have the same carried out as written.

In *Stevens v. Turlington,* 186 N. C., 196, we find: "In this State, mortgages are practically the same as at common law, with the exception of the mortgagor's equity of redemption and its incidents. We adhere to the doctrine that the legal title passes to the mortgagee, subject to the equitable principle that this passage of the legal title is primarily by way of security for the debt, and that for all other purposes the mortgagor is regarded as the owner of the land." *Bank v. Lumber Co.,* 193 N. C., at p. 760.

Speaking of trusts in general, we find in Perry on Trusts and Trustees, Vol. 1 (7 ed.), p. 32, part sec. 43: "It must be understood, however, that corporations are the creatures of the law, and that as a general rule they cannot exercise powers not given to them by their charters or acts of incorporation. . . . If the trusts are within the general scope of the purposes of the institution of the corporation, or if they are collateral to its general purposes, but germane to them, as if the trusts relate to matters which will promote and aid the general purposes of the corporation, it may take and hold, and be compelled to execute them, if it accepts them. . . . (p. 497, part sec. 279). Generally the insolvency or bankruptcy of a trustee does not disqualify him for the trust, nor does his bankruptcy affect the trust estate in his hands; and his certificate does not discharge him from fiduciary obligations."

In the present case, the Central Bank and Trust Company, is a mere naked trustee, the legal title passes to it primarily by way of security for the debt. We see no good reason why it could not sell under the power given it and carry out its contract. If an individual became insolvent or went into bankruptcy we see no good reason why the power of sale in a deed of trust made to him could not be executed by him, and we think the same principle applies to an insolvent bank where there is no valid statute to the contrary.

In *Sullivan v. Kuolt,* 145 N. W., pp. 210-11 (Wis.), we find: "The question raised by the demurrer of the defendant Kuolt is whether he succeeds to the execution of the several trusts set out in the respective complaints by virtue of his having taken charge of the property and business of the Citizens' Savings and Trust Company pursuant to the laws of the State. If he does, it must be by reason of some statutory provision, either express or implied, for, in the absence of such statutory provision, a receiver does not take title to property held in trust. *LeRoy v. Globe Ins. Co.,* 2 Edw. Ch. (N. Y.), 657; High on Rec. (4 ed.), sec.

444; 5 Thompson on Cor., sec. 6602. Neither does a trustee in bank-ruptcy. 1 Perry on Trusts (6 ed.), sec. 58, 345. Nor an assignee under a voluntary assignment for the benefit of creditors. 5 Cyc., 566. 1 Perry on Trusts (6 ed.), sec. 336. So, whether we regard the Commissioner of . Banking as a receiver, trustee, or assignee, he does not succeed to the execution of the trust in question unless he does so by force of statute."

The *cestui que trusts,* those who hold the notes, can foreclose in a civil action in which the mortgagors and the bank trustee are parties, or the bank, trustee, can sell under the power of sale in the deed of trust, or all can agree upon a substituted trustee. *Raleigh Real Est. & Trust Co. v. Padgett,* 194 N. C., 727. The judgment below is

Reversed.