THE FEDERAL LAND BANK OF COLUMBIA v. MAUDE E. JONES, ADMINISTRATRIX, ET AL.

(Filed 17 March, 1937.)

1. **Mortgages § 17—After default mortgagee is entitled to possession and may maintain suits to protect his interest in the land.**

   Legal title to mortgaged lands, for the purposes of security, is vested in the mortgagee, and in the absence of an agreement to the contrary, certainly after default, the mortgagee is entitled to enter and hold the land until redeemed in order to protect his security, and to this end he may maintain an action in ejectment, even against the mortgagor, or an action in trespass *quare clausum fregit* against anyone tortiously injuring the land, or file suit in equity to restrain waste, such rights of action being based upon the mortgagee's interest in the land.

2. **Same: Pleadings § 2—After default, mortgagee may join suit for foreclosure with action to recover for tortious injury to land.**

   After the execution of the mortgage in question, the mortgagor conveyed an easement over the land giving defendant corporations the right to pond water thereon. After default, mortgagee instituted this suit to foreclose the mortgage and to recover from defendant corporations damages resulting to the land from the ponding of water thereon. *Held:* The actions against defendant corporations for tortious injury to the land could be maintained by plaintiff after default but prior to foreclosure, and the cause of action against them was properly joined with the suit against mortgagor for foreclosure.

APPEAL by plaintiff from *Harding, J.,* at August-September Term, 1936, of MACON.

Civil action to foreclose mortgage and to recover damages for injury to mortgaged premises.

The plaintiff holds a mortgage on 35¼ acres of land in Macon County, the same having been taken in 1921 as security for a loan of $1000.

In 1928, during the existence and continuance of plaintiff's lien, the mortgagor, Nannie E. Jacobs, conveyed to the town of Franklin an easement in said tract of land to flood and pond water thereon to the extent necessary for the construction of a dam and municipal electric light plant, which said easement was conveyed to Nantahala Power and Light Company in 1933. The power company is now in possession under said easement, and has greatly lessened plaintiff's security by ponding water on a portion of the mortgaged premises.

Two causes of action are set out in the complaint: One to foreclose said mortgage, and the other to recover damages for injury to the mortgaged premises.

There was judgment by default and order of foreclosure on the first cause of action, from which no appeal has been taken.

During the trial, upon intimation from the court that the cause of action for damages against the town of Franklin and the Nantahala Power and Light Company had not accrued and would not accrue prior to foreclosure with resultant deficiency, plaintiff suffered a nonsuit as to its second cause of action, and appeals.

*Gray & Christopher for plaintiff, appellant.*
*J. Frank Ray for defendant town of Franklin, appellee.*
*Black & Whitaker for defendant Power and Light Co., appellee.*

STACY, C. J. Can a mortgagee, after default and before foreclosure, maintain an action for trespass against one who has tortiously injured the mortgaged estate? The answer is, "Yes."

At the time of ponding water on the mortgaged premises, the plaintiff, as mortgagee after default, was entitled to possession. *Weathersbee v. Goodwin,* 175 N. C., 234, 95 S. E., 491; *Kiser v. Combs,* 114 N. C., 640, 19 S. E., 664; *Coor v. Smith,* 101 N. C., 261, 7 S. E., 669; *Capehart v. Dettrick,* 91 N. C., 344; *Bruner v. Threadgill,* 88 N. C., 361; *Wittkowski v. Watkins,* 84 N. C., 457; *Cunningham v. Davis,* 42 N. C., 5; *Linscott v. Weeks,* 72 Me., 506; 2 Jones on Mortgages, sec. 684, *et seq.* It is the holding in this jurisdiction that the legal title to mortgaged premises, for purposes of security, is vested in the mortgagee. *Gorrell v. Alspaugh,* 120 N. C., 362, 27 S. E., 85; *Weil v. Davis,* 168 N. C., 298, 84 S. E., 395; *Duplin County v. Harrell,* 195 N. C., 445, 142 S. E., 481; *Mitchell v. Shuford,* 200 N. C., 321, 156 S. E., 513.

And where there is no agreement to the contrary, certainly after default, the mortgagee, in order to protect his security, is entitled to enter and to hold the land until redeemed. *Stevens v. Turlington,* 186 N. C., 191, 119 S. E., 210. To this end he may maintain an action in ejectment, even against the mortgagor himself (*Weathersbee v. Goodwin, supra*); file a suit in equity to restrain waste (*Linscott v. Weeks, supra;* 41 C. J., 649); institute an action in trespass *quare clausum fregit* against anyone tortiously injuring the estate. *Stevens v. Smathers,* 124 N. C., 571, 32 S. E., 959; *Beck v. Zimmerman,* 75 N. C., 60; *Edwards v. Meadows,* 195 N. C., 255, 141 S. E., 595; *Walker v. Fawcett,* 29 N. C., 44; *Levitt v. Eastman,* 77 Me., 117; 1 Perry on Trusts (6th ed.), sec. 328. Such rights of action are grounded on the mortgagee's interest in the land. *Stewart v. Munger,* 174 N. C., 402, 93 S. E., 927; *Byrom v. Chapin,* 113 Mass., 308; 2 Jones on Mortgages, sec. 695a; 41 C. J., 648.

Nothing was said in *Watkins v. Mfg. Co.,* 131 N. C., 536, 42 S. E., 983, or in *Liverman v. R. R.,* 109 N. C., 52, 13 S. E., 734, which militates against our present position. On the other hand, the cases of *Wilson v. Motor Lines,* 207 N. C., 263, 176 S. E., 750, and *Harris v. R. R.,* 190 N. C., 480, 130 S. E., 319, dealing with mortgaged chattels, are adminicular herewith. See, also, *Trust Co. v. Asheville,* 207 N. C., 162, 176 S. E., 257, which was bottomed on the same principle, but decided on a procedural question.

The joinder of the two causes of action in the same complaint is sustained by what was said in *Carswell v. Talley,* 192 N. C., 37, 133 S. E., 181, and the procedure in *Stevens v. Smathers, supra,* and *Wilson v. Motor Lines, supra.*

We are not now concerned with whether the plaintiff can make out its case or with the extent of its right of recovery. These are matters which will arise on the hearing. It is observed that both the mortgagee and mortgagor, as was the case in *Stevens v. Smathers, supra,* are parties to the action.

Reversed.