This was an action instituted by plaintiffs, who are judgment creditors of defendant Duck Island, Incorporated, against it, Theodore S. Meekins, Ernest E. Meekins, Louise M. Meekins, and D. E. Evans, trustee. The prayer of complaint is as follows: "Wherefore, plaintiffs pray that the said purported deed from Duck Island, Incorporated, to E. E. Meekins, and the purported deed of trust from E. E. Meekins and wife to D. E. Evans, trustee, be vacated, set aside, and declared void as to these plaintiffs; that plaintiffs' judgment be declared a lien against the property described in said deed and deed of trust, and that a commissioner be appointed to advertise and sell the same and apply the proceeds in satisfaction of the amount due upon plaintiffs' judgment, plus costs; that plaintiffs recover of the defendant Theodore S. Meekins the amount due on their respective judgments herein before described, to wit, $1,577.77, plus interest and costs; that this complaint be used as an affidavit and that an order be issued restraining the sale under said deed of trust until a hearing of this controversy on its merits; that plaintiffs recover their costs and have such other and further relief as the nature and circumstances of the case require."
It is alleged in the complaint, but set forth with particularity in the affidavit of Eric Fisher Wood, Secretary-Treasurer of Duck Island, Inc., on hearing of the case, as follows: "That, in May, 1935, it was suggested that all property owned by Duck Island, Incorporated, be turned over to T. S. Meekins for the sole and only consideration that said Meekins assume and pay the outstanding local obligations, said obligations being set out in a letter hereto attached, directed to Theo. S. Meekins, signed by Eric Fisher Wood, dated 31 May, 1935. That the copy of the letter of Theo. S. Meekins, directed to Mr. H. B. Spencer, Munsey Building, Washington, D.C., dated 25 May, 1935, was received by the undersigned from said Meekins, in connection with said transaction, and the understanding referred to therein was that said Meekins was to assume the local indebtedness, including that owed to Manteo Machine Shop, M. L. Daniels, and Jones Wholesale Company. In consideration of this assumption of indebtedness the undersigned, and *Page 92 
Messrs. Woodard, Spencer, and Patterson, stockholders in said corporation, canceled and delivered to the said T. S. Meekins certain notes held by them against the property of said corporation."
The defendants demurred to the complaint, as follows: "First: That it appears from an inspection of the complaint that there is a misjoinder of parties plaintiff. Second: For that it appears upon the face of the complaint that there is a misjoinder of parties defendant. Third: For that the complaint itself shows that there is a misjoinder of both parties and causes of action. Fourth: The complaint shows that there is a misjoinder of both parties and causes of action," and sets forth same with particularity. Further, "That the complaint does not show that the said Meekins ever agreed in writing to assume or pay the said claims or judgments, and that said promise made by said Meekins, which is herein expressly denied, falls within the provision of the statute of frauds, section 987, of the Consolidated Statutes of North Carolina. That the complaint shows that Theodore S. Meekins was not responsible for the accounts upon which the plaintiffs obtained their several and respective judgments, that no credit was extended to him, that he was not responsible for any of said accounts, but that credit was furnished only to Duck Island, Incorporated, and the said Duck Island, Incorporated, was solely responsible to the plaintiffs, and the complaint shows that there was no assumption by said Meekins of the debts or of the judgments."
The judgment of the court is as follows: "This cause coming on now to be heard, and being heard on defendants' demurrer, and it appearing to and being found by the court that the causes of action set out in the complaint arose out of one transaction or series of transactions, and that said complaint is not, therefore, multifarious, and that all plaintiffs and defendants are necessary and proper parties to this proceeding, and that defendants' demurrer ought to be overruled: It is therefore ordered and adjudged that defendants' demurrer be and the same is hereby overruled. It is further ordered that the defendants be allowed thirty days in which to answer. Clawson L. Williams, Judge Presiding."
The defendants excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.
We think the court below correct in its judgment in overruling defendants' demurrer. We think the case of Barkley v. Realty Co.,211 N.C. 540 (542), is controlling. It is there written: "It is provided by statute in this State that `the plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, *Page 93 
or both, when they all arise out of the same transaction, or transaction connected with the subject of the action.' C. S., 507. Construing the provisions of this statute, it has been uniformly held by this Court that if the causes of action united in the same complaint be not entirely distinct and unconnected, if they arise out of one and the same transaction, or a series of transactions forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, the objection that there is a misjoinder of causes of action in the same complaint, although aptly made by demurrer to the complaint (C. S., 511 [5]), will not be sustained. In such case, the demurrer will be overruled," citing numerous authorities. Leach v. Page, 211 N.C. 622; Bank v. Jones,211 N.C. 317.
In Whitehurst v. Hyman, 90 N.C. 487 (489), we find: "It is settled by many judicial decisions in construing this statute (C. S., 987), and others substantially like it, that where there is some new and original consideration of benefit or harm moving between the party to whom the debt to be paid is due, and the party making the promise to pay the same, such case is not within the statute; as where a promise to pay an existing debt is made in consideration of property placed by the debtor in the hands of the party promising, . . . such promises are not within the statute, because they are not made `to answer the debt, default, or miscarriage of another person.'" Jennings v. Keel, 196 N.C. 675 (680-681).
For the reasons given, the judgment of the court below is
Affirmed.