F. RAY SMITH III AND WIFE, ANNE S. SMITH v. DONALD PATRICK CURRIE

No. 7821SC555

(Filed 17 April 1979)

Vendor and Purchaser § 1— agreement to purchase land—subject to financing clause—reasonable effort—jury question

In N.C. a subject to financing clause in an offer to purchase real estate includes the implied promise that the purchaser will act in good faith and make a reasonable effort to secure the financing, and whether a purchaser has made such a reasonable effort is generally a question for the jury and summary judgment is inappropriate.

APPEAL by plaintiffs from *McConnell, Judge.* Judgment entered 29 March 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 8 March 1979.

This is a civil action instituted on 14 October 1977 wherein plaintiffs seek specific performance of a contract to purchase real estate or, in the alternative, damages for breach of said contract. On 3 November 1977, defendant answered, denying the material allegations of the complaint and alleging as further defenses that the contract is unenforceable because it does not comply with the

Statute of Frauds and that he was excused from performance by a provision in the contract that made his performance conditional upon obtaining a loan. On 20 January 1978, defendant, pursuant to G.S. § 1A-1, Rule 56, moved for summary judgment and offered two affidavits in support of his motion. The affidavits offered in support of defendant's motion contained the following:

The defendant is a practicing physician in the field of urology in Winston-Salem, North Carolina. On 4 June 1977 he executed a printed form real estate "Offer to Purchase Agreement" relating to the plaintiffs' condominium. This agreement contained the following provision: "Subject to: Buyer securing a 90% conventional loan in the amount of $44,550.00." It was the defendant's intention to purchase the condominium if he could obtain such a loan. The plaintiffs' real estate agent recommended that defendant apply at First Federal Savings and Loan in Winston-Salem. On 7 June 1977, defendant did apply and made a "good faith attempt to furnish all information required." An employee of the savings and loan reviewed defendant's application and advised defendant that it appeared that defendant would not qualify for the loan because of federal guidelines concerning permissible debt to income ratios. Defendant then conferred with his accountant who reminded him of various additional fixed obligations which he had, including his obligation to purchase the interest of Dr. Oliver J. Hart, Sr., in Maplewood Urological Associates, an obligation for federal income taxes, a balance on a loan at Duke University Medical School, his obligation to make premium payments on life insurance for his wife, amounts owed for a stock purchase in Medical Park Hospital, and his "obligation to pay tuition at an expensive private school for his children." Defendant subsequently filed another application at the savings and loan listing his debts "more completely than in the earlier application." This application was denied because his monthly payments on fixed obligations exceeded the 33 percent maximum allowable percentage.

On 23 January 1978, plaintiff filed extensive interrogatories seeking to discover various factual information pertaining to defendant's financial condition. Plaintiffs offered the defendant's answers to these interrogatories and one affidavit in opposition to the motion. This evidence offered in opposition to the motion tended to show the following:

Defendant executed an "Offer to Purchase Agreement" agreeing to buy the plaintiffs' condominium for $49,500.00. The defendant did not disclose any potential problems at the time he executed the agreement and plaintiffs' broker indicated "that the defendant's credit report had checked out and that the loan looked fine." On the basis of these facts, the plaintiffs entered into a contract to purchase another house on 15 June 1977. Because of the defendant's failure to obtain a loan, the plaintiffs became obligated to pay two mortgages. In an attempt to mitigate their losses, the plaintiffs continued to seek a buyer and finally sold their condominium on 31 October 1977 for $46,000.00. The defendant's first application for a loan listed gross income of $6,250 a month; total assets of $155,300, which included $93,000 in real estate, a 1977 Mercedes 450 SL automobile valued at $22,000, a 1973 Porsche automobile valued at $10,000, a motorboat valued at $4,500; mortgages of $49,500; resulting in a net worth of $101,800.00. Defendant listed as a monthly obligation his alimony payments of $2,100.00. Defendant's second application showed assets totaling $141,600 and total liabilities of $136,276, resulting in a net worth of $5,324.00. Defendant listed monthly installment obligations, including alimony payments totalling $2,946.00.

On 29 March 1978, the trial court entered an Order granting defendant's motion for summary judgment. Plaintiffs appeal.

*Alexander and Hinshaw, by Robert D. Hinshaw, for plaintiff appellants.*

*Hall and Liner, by Roy G. Hall, Jr., for defendant appellee.*

HEDRICK, Judge.

The plaintiffs assign as error the court's entry of summary judgment in favor of the defendant. Under Rule 56(c), summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. § 1A-1, Rule 56(c); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment, and the movant's papers are carefully scrutinized while those of the opposing party are regarded with indulgence. *North*

*Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). When the party moving for summary judgment supports his motion as provided in this rule, the party opposing the motion

> may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

G.S. § 1A-1, Rule 56(e); *Kidd v. Early, supra*; *Cameron-Brown Capital Corp. v. Spencer*, 31 N.C. App. 499, 229 S.E. 2d 711 (1976).

In North Carolina a subject to financing clause, such as the one contained in the "Offer to Purchase Agreement" in the present case, includes the implied promise that the purchaser will act in good faith and make a reasonable effort to secure the financing. *Mezzanotte v. Freeland*, 20 N.C. App. 11, 200 S.E. 2d 410 (1973), *cert. denied*, 284 N.C. 616, 201 S.E. 2d 689 (1974). Thus, the issue for resolution on the motion for summary judgment is whether the defendant, as movant, has met his burden of showing that he acted in good faith and made reasonable efforts in his unsuccessful attempt to obtain financing and consequently that there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law.

We are of the opinion that the defendant has failed to meet his burden. The nature of the issue involved in the present case, whether the defendant acted in good faith and made reasonable efforts to obtain a loan, is such that summary judgment is ordinarily not a proper vehicle for its resolution. Generally, summary judgment is inappropriate "when issues such as motive, intent, and other subjective feelings and reactions are material," 6 Moore's Federal Practice ¶ 56.17 [41.-1], at 930 (1978), or when the evidence presented "is subject to conflicting interpretations, or reasonble men might differ as to its significance." 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 2725, at 515 (1973). Whether a purchaser made reasonable efforts to obtain financing has been held to be a question that should be submitted to the trier of fact where "fair-minded men might differ as to the conclusion to be drawn" from the evidence submitted on a summary judgment motion. *Betnar v. Rose*, 259 Ark. 820, 829, 536

Weyerhaeuser Co. v. Building Supply Co.

S.W. 2d 719, 724 (1976). Whether the defendant in the present case made reasonable efforts in a good faith attempt to obtain financing is precisely the type of question that depends for its resolution on a consideration of the subjective intentions and motivation of the actor. Such an inquiry necessarily involves conflicting interpretations of the perceived events, and even where all the surrounding facts and circumstances are known, reasonable minds may still differ over their application to the legal principle involved. It is only in the most exceptional case that the movant would be entitled to summary judgment when the issue, as here, concerns the reasonableness of his actions. Thus, because of the nature of the issue in this case, summary judgment for the defendant was inappropriate.

Reversed and remanded.

Judges VAUGHN and CARLTON concur.