FARMERS BANK OF SUNBURY AND T. L. HUTTO, TRUSTEE v. CITY OF ELIZABETH CITY

No. 811SC100

(Filed 6 October 1981)

Municipal Corporations § 37— destruction of property not complying with min-
imum housing standards — sufficiency of notice — summary judgment improper

> In an action to recover damages from defendant city for the destruction of a residence on property held under a deed of trust to one plaintiff and secured under a promissory note held by the other plaintiff, summary judgment was improperly granted for defendant where one of the questions raised by defendant's motion was whether its building inspector used "reasonable diligence" in attempting to locate plaintiff and others connected with the property. Where one of the questions raised by a motion for summary judgment is one concerning the reasonableness of the movant, summary judgment is normally inappropriate. G.S. 160A-443; G.S. 160A-445.

APPEAL by plaintiffs from *Reid, Judge.* Order entered 1 December 1980 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 3 September 1981.

This is a civil action wherein plaintiff Farmers Bank of Sunbury (hereinafter "Bank") and plaintiff T. L. Hutto, Trustee seek

to recover damages from defendant for the destruction of a residence on property held under a deed of trust to plaintiff Hutto, Trustee, which secured a certain promissory note held by plaintiff Bank. In a complaint filed 23 May 1980 plaintiffs made allegations which can be summarized as follows: On 9 February 1977, James E. Gallagher and wife, Betty L. Gallagher, executed a promissory note in the principal amount of $15,000 payable to plaintiff Bank. At the same time, as security for the promissory note, the Gallaghers executed a deed of trust conveying property located at 401 North Martin Street, Elizabeth City, to plaintiff Hutto, Trustee. The Gallaghers defaulted on the note and thereafter, without notice to plaintiffs, defendant "completely destroyed a two-story residence" located on the subject property. Following the destruction of the property, the value of the property was only $3,000 and the value of the property had been "impaired" in the amount of $15,000. Plaintiffs maintained that the property "is and was the only source from which plaintiffs could collect and satisfy" the indebtedness of the Gallaghers. Plaintiffs sought damages in the sum of $15,000 plus accrued interest, and attorney's fees.

Defendant answered 23 July 1980, admitting that, "after complying with Article 19 of Chapter 160A of the North Carolina General Statutes and Ordinances of the City of Elizabeth City," it "lawfully removed" a structure located at 401 North Martin Street and owned by the Gallaghers, but denying the other material allegations of the complaint. Defendant further averred that the value of the property in question had increased as a result of its action, and in addition filed a motion to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(6) and a motion to stay the action until plaintiffs had completed foreclosure on the property.

Plaintiffs moved for summary judgment on 19 September 1980, and defendant moved for summary judgment on 24 November 1980. Plaintiffs supported their motion, and opposed defendant's motion, with the affidavit of plaintiff Hutto, Trustee, in which he stated *inter alia* that the Gallaghers defaulted on the promissory note, that he has been a resident, and has been present in, either Pasquotank or Gates Counties since the recording of the deed of trust, and that he never received notice or service of process with respect to the destruction of the residence on the mortgaged property. Defendant supported its motion, and opposed plaintiffs' motion, with the affidavit of its housing inspector,

Hubert Tarkenton. In his affidavit, Tarkenton stated the following: After an inspection, he determined that the dwelling located at 401 North Martin Street was "unfit for human habitation" and was "unsafe"; on 12 December 1978, pursuant to law, he sent by certified mail to the owner of the property, James E. Gallagher, a complaint and notice of a hearing scheduled for 28 December 1978; on or about 15 December 1978, the certified letter was returned marked "moved, left no address" and Tarkenton "thereafter and with reasonable diligence attempted to ascertain the whereabouts" of Gallagher and "the identity or whereabouts of any other persons connected with or responsible for the property, but said efforts were without success;" in accordance with the law, notice of a hearing scheduled for 21 March 1979 was published in a local newspaper of general circulation in the Elizabeth City area, and such notice was also posted on the dwelling at 401 North Martin Street; no one appeared at the hearing as advertised, and on 18 April 1979, the Public Works Committee of defendant recommended to the City Council of defendant that the dwelling in question be demolished due to its unsafe condition and because it was unfit for human habitation; defendant's City Council adopted an ordinance to that effect on 7 May 1979, and the building inspector carried out the demolition on 17 May 1979.

After a hearing, the court denied plaintiffs' motion for summary judgment, and entered summary judgment for defendant. Plaintiffs appealed.

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and H. T. Mullen, Jr., for the plaintiff appellants.*

*Wilson & Ellis, by J. Kenyon Wilson, Jr., M. H. Hood Ellis, and David W. Boone, for the defendant appellee.*

HEDRICK, Judge.

The questions presented on this appeal are whether summary judgment for defendant was proper, and whether the court erred in denying plaintiffs' motion for summary judgment. Summary judgment must be granted, upon motion, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a

judgment as a matter of law." G.S. § 1A-1, Rule 56(c). *See also* *Oakley v. Little*, 49 N.C. App. 646, 272 S.E. 2d 370 (1980).

The briefs of both parties are essentially concerned with the question of whether there is a genuine issue of material fact as to whether defendant gave proper notice of hearing to interested persons as is required by G.S. § 160A-441 *et seq.* Plaintiffs contend in their brief that the conclusion of the building inspector that he used "reasonable diligence" in attempting to locate the whereabouts of all those persons "connected with or responsible for" the property in question was "not competent because it is wholly unsupported by facts such as would be admissible into evidence." Defendant, on the other hand, argues in its brief that it acted in strict compliance with G.S. § 160A-441 *et seq.*, especially in giving proper legal notice to owners and other interested parties, or alternatively, that plaintiffs were not entitled to notice since a search of the public records in Pasquotank County would not have revealed that plaintiffs had an interest in the property.

G.S. § 160A-441 *et seq.* (Part 6 of Article 160A) was enacted for the purpose of insuring that minimum housing standards would be met in the cities and counties of the State. *Harrell v. City of Winston-Salem*, 22 N.C. App. 386, 206 S.E. 2d 802, *cert. denied*, 285 N.C. 757, 209 S.E. 2d 281 (1974). G.S. § 160A-442 in pertinent part provides:

> The following terms shall have the meanings whenever used or referred to as indicated when used in this Part unless a different meaning clearly appears from the context:
>
> . . .
>
> (4) "Owner" means the holder of the title in fee simple and every mortgagee of record.
>
> (5) "Parties in interest" means all individuals, associations and corporations who have interests of record in a dwelling . . . .
>
> . . .

G.S. § 160A-443 in pertinent part provides:

> Upon the adoption of an ordinance finding that dwelling conditions of the character described in G.S. 160A-441 exist

within a city, the governing body of the city is hereby authorized to adopt and enforce ordinances relating to dwellings within the city's territorial jurisdiction that are unfit for human habitation. These ordinances shall include the following provisions:

    (1)   That a public officer be designated or appointed to exercise the powers prescribed by the ordinance.

    (2)   That . . . whenever it appears to the public officer (on his own motion) that any dwelling is unfit for human habitation, the public officer shall, if his preliminary investigation discloses a basis for such changes, issue and cause to be served upon the owner of and parties in interest in such dwellings a complaint stating the charges in that respect and containing a notice that a hearing will be held before the public officer (or his designated agent) at a place within the county in which the property is located fixed not less than 10 days nor more than 30 days after the serving of the complaint; . . .

G.S. § 160A-445, at the time of the incident in question, provides:

Complaints or orders issued by a public officer pursuant to an ordinance adopted under this Part shall be served upon persons either personally or by registered or certified mail. If the whereabouts of persons are unknown and cannot be ascertained by the public officer in the exercise of *reasonable diligence,* and the public officer makes an affidavit to that effect, then the serving of the complaint or order upon the persons may be made by publication in a newspaper having general circulation in the city at least once no later than the time at which personal service would be required under the provisions of this Part. When service is made by publication, a notice of the pending proceedings shall be posted in a conspicuous place on the premises thereby affected. [Emphasis added].

In the present case, on 9 February 1977, James E. Gallagher and wife, Betty L. Gallagher, made a promissory note in the principal amount of $15,000 payable to plaintiff Bank. That same day, the Gallaghers secured this promissory note by executing a deed

of trust conveying the property at 401 North Martin Street, Elizabeth City, to plaintiff Hutto, Trustee. The deed of trust was duly recorded in the Pasquotank County Registry on 15 February 1977. While the promissory note made reference to plaintiff Bank, the deed of trust did not, and though the deed of trust did refer to plaintiff Hutto, Trustee, it did not give any address for him. On 12 December 1978, the building inspector for defendant city determined that the dwelling at 401 North Martin Street was "unfit for human habitation" and thus he instituted the prescribed procedures under G.S. § 160A-443. When he could not serve the complaint and notice of hearing upon the Gallaghers, he sought "with reasonable diligence" to ascertain the whereabouts of the Gallaghers and any other interested parties "without success." Thereafter, service was made by publication, and following a hearing and upon direction by the City Council, the dwelling was destroyed. The only evidence advanced by defendant with respect to the building inspector's exercise of "reasonable diligence," however, is the assertion to that effect in the building inspector's affidavit.

In *Smith v. Currie*, 40 N.C. App. 739, 253 S.E. 2d 645, *disc. rev. denied*, 297 N.C. 612, 257 S.E. 2d 219-220 (1979), we said that in cases where one of the questions raised by a motion for summary judgment is one concerning the reasonableness of the actions of the movant, summary judgment is normally inappropriate, since the resolution of the question "necessarily involves conflicting interpretations of the perceived events, and even where all the surrounding facts and circumstances are known, reasonable minds may still differ over their application to the legal principles involved." *Id.* at 743, 253 S.E. 2d at 647. We also stated in *Smith v. Currie, supra,* that summary judgment is inappropriate when issues such as motive, intent, and other subjective feelings and reactions are material, citing 6 Moore's Federal Practice ¶ 56.17 [41.-1] (1978). We find this reasoning to be applicable in the present case, especially since defendant's prevailing on its motion for summary judgment depends upon an interpretation of the reasonableness of the building inspector's diligence in identifying and ascertaining the whereabouts of interested parties as required by G.S. § 160A-445. Under the circumstances of this case, reasonable minds could differ as to whether the building inspector exercised reasonable diligence in

ascertaining the identity and whereabouts of all interested parties in the property.

Finally, we note that defendant in its answer alleges that plaintiffs' claim against it was "premature" because plaintiffs had not foreclosed on the deed of trust. In its brief, defendant argued that plaintiffs "have failed to allege and prove that they were in any way damaged by the acts of Defendant such that a legally recognized right of recovery exists." Defendant cited no authority in support of this argument. Since it is neither necessary nor advisable for the trial court to specify bases for entering summary judgment for either party, and since the trial court did not do so in this case, we cannot overlook the possibility that the trial court did in fact conclude that the record disclosed an insurmountable bar to plaintiff's claim. Thus, we point out that in *Federal Land Bank of Columbia v. Jones*, 211 N.C. 317, 318, 190 S.E. 479, 480 (1937), Chief Justice Stacy said: "Can a mortgagee, after default and before foreclosure, maintain an action for trespass against one [third person] who has tortiously injured the mortgaged estate? The answer is, 'Yes.'" Furthermore, in *Federal Land Bank of Columbia v. Jones, supra*, in discussing the propriety of a judgment as of nonsuit in favor of the defendant, Chief Justice Stacy said: "We are not now concerned with whether the plaintiff can make out its case or with the extent of its right of recovery. These are matters which will arise on the hearing." *Id.* at 319, 190 S.E. at 480. We think what was said in that case with respect to a judgment as of nonsuit is even more applicable to the question of summary judgment in the present case.

We hold summary judgment for defendant was improper, and the court did not err in denying plaintiffs' motion for summary judgment. The judgment is reversed and the cause is remanded to the superior court for further proceedings.

Reversed and remanded.

Judges HILL and WHICHARD concur.