MONTE ENTERPRISES, INC. v. F. PATRICK KAVANAUGH, CRAVEN RENDERING COMPANY, a CORPORATION, AL BATTLE, WILLIAM BEST AND N. C. CONSOLIDATED HIDE COMPANY, a CORPORATION

No. 823SC535

(Filed 7 June 1983)

**Mortgages and Deeds of Trust § 13.2— purchase money deed of trust—foreclosure sale—purchase by beneficiary for amount of debt—no action for waste**

Where plaintiff had a security interest in land as the holder of a purchase money deed of trust, and plaintiff purchased the secured property at a foreclosure sale by bidding the amount of the obligation owed to it plus the costs of the sale, plaintiff could not recover damages for alleged waste by defendant debtor and others, since plaintiff could not establish any impairment of security.

APPEAL by plaintiff from *Reid, Judge.* Order entered 29 January 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 13 April 1983.

The plaintiff's action against the several defendants for tortious damage done to three tracts of real estate that plaintiff had a security interest in as holder of a purchase money deed of trust was dismissed pursuant to the provisions of Rule 12(b)(6) for failure to state a claim upon which relief could be granted, and the plaintiff appealed.

*Ward, Ward, Willey & Ward, by Joshua W. Willey, Jr., for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker, by Robert D. Walker, Jr. and John Turner Walston, for defendant appellees Al Battle, William Best, and N.C. Consolidated Hide Company.*

PHILLIPS, Judge.

In suing the defendants for damage done to the real estate involved, the plaintiff, in substance, made the following allegations:

(1) That it was the holder of a purchase money deed of trust on said property.

(2) After said deed of trust and the note it secured was in default and while the foreclosure sale was being adver-

tised, the defendants committed certain wasteful acts which damaged the property and diminished its value in various amounts.

(3) That thereafter the property "which was the plaintiff's sole security for that debt owed by the defendant Kavanaugh" to the plaintiff was sold at foreclosure on the 27th day of February, 1981; that there being no bidders at said foreclosure sale "*the property was sold to plaintiff for the indebtedness due on said note together with the cost of the proceeding.*" [Emphasis supplied.]

Manifestly, the plaintiff suffered no legal detriment because of the defendants' wasteful acts against the secured property, and the judgment dismissing its action was correct. The allegations plainly show that plaintiff's only interest in the land—a security interest to enforce collection of the debt due—was still of sufficient value even after the waste to enable the debt due it to be paid in full from the sale, along with the costs and expenses of foreclosure. Since that was all that the law and its security interest entitled it to, the defendants' otherwise tortious acts did no legal harm to the plaintiff and the suit was therefore deficient in that essential respect. That the plaintiff's interest in the property began and ended with the secured debt, and was limited to it, is made plain by the following principles of law long followed by our courts:

When a mortgage or deed of trust secures the payment of a specific debt the determinable estate of the mortgagee or trustee terminates the very instant the debt is paid. *Barbee v. Edwards*, 238 N.C. 215, 77 S.E. 2d 646 (1953).

"The debt secured is the life of the mortgage and gives it vigor and efficacy. The essential effect and consequence of the discharge of the mortgage debt is the discharge of the mortgage itself." *Liberty Mfg. Co. v. Malloy*, 217 N.C. 666, 668, 9 S.E. 2d 403, 404 (1940).

"A mortgagee has no right to possession except to assure payment of the debt or performance of other conditions of the mortgage." *Gregg v. Williamson*, 246 N.C. 356, 359, 98 S.E. 2d 481, 484 (1957).

Upon taking possession the mortgagee must apply any rents and profits received to the debt. *Hemphill v. Ross*, 66 N.C. 477 (1872).

Nor was the deficiency in the plaintiff's claim remedied by the fact that the property was damaged extensively, which we necessarily assume was the case for the purposes of this appeal. The right to recover for that damage, if it belonged to anybody, belonged, of course, to the owner of the land. But since, according to the complaint, the defendant Kavanaugh both owned and damaged the land, there was no right in anybody to recover for the damage done. In all events, the allegations show that plaintiff's right was to recover only for damage done to its security interest, of which there was none, and no approved doctrine of the law that we are aware of entitles the plaintiff to recover for damage done to the property interest of another, as the complaint requests.

Suits for damage done to secured property are maintainable, however, under various circumstances; indeed, if the circumstances in this case had differed from those alleged in any of several respects the suit would not be dismissable. If the waste had occurred after the plaintiff bought the property under foreclosure, or even after the plaintiff's bid was submitted (if no upset occurred and its bid was approved), the plaintiff could properly sue on its own account for all damage done to the land under the theory that its contract was for the property in its undamaged state and that the waste wrongfully deprived it of its bargain. *Tech Land Development Company v. South Carolina Insurance Company*, 57 N.C. App. 566, 291 S.E. 2d 821 (1982). If the price obtained for the property at foreclosure had been less than the amount of the debt, the plaintiff's suit for the deficit would be maintainable. *Edwards v. Meadows*, 195 N.C. 255, 141 S.E. 595 (1928). If the foreclosure sale had not occurred, upon suitable proof at trial, the plaintiff could recover up to the amount of the debt. *Stevens v. Smathers*, 124 N.C. 571, 32 S.E. 959 (1899). But under the law as it has been laid down and enforced in this state for generations, an enforceable claim cannot be made out of the circumstances alleged in the complaint.

Though no reported North Carolina decision involving the precise question presented has been found, other courts in similar

Patterson v. Gaston Co.

situations have reached the same decision we do. The cases of *Sloss-Sheffield Steel and Iron Company v. Wilkes*, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385 (1936), *Allstate Finance Corporation v. Zimmerman*, 272 F. 2d 323 (5th Cir. 1950), and *Cornelison v. Korbluth*, 15 Cal. 3d 590, 125 Cal. Rptr. 557, 542 P. 2d 981 (1975) all involved circumstances very similar, indeed, to those alleged in the complaint. In each case the plaintiff was a mortgage holder whose debt had been paid by its own bid at the foreclosure sale, the suit was for prior damage done to the secured property, and the action was dismissed. No decision or authority to the contrary has been found or called to our attention. The decisions relied upon by the plaintiff, instead of supporting his position, tend to undermine it. In *The Federal Land Bank of Columbia v. Jones*, 211 N.C. 317, 190 S.E. 479 (1937), foreclosure had not begun, the debt had not been paid, and the only question presented was the mortgage holder's right to sue for damage done to the security, which the law clearly sanctions. And in *Stevens v. Smathers*, *supra*, though the mortgage holder's recovery for damage done to the secured property was affirmed, the Court took pains to direct that the sum so recovered be credited against the mortgage debt.

The judgment appealed from is therefore

Affirmed.

Judges HILL and JOHNSON concur.