**CAROLINA-ATLANTIC DISTRIBUTORS v. BOYCE INSULATION CO.**

[99 N.C. App. 577 (1990)]

CAROLINA-ATLANTIC DISTRIBUTORS, INC. v. BOYCE INSULATION COM-
PANY, INC. AND HARRY P. ROSE, INDIVIDUALLY

No. 8911SC1188

(Filed 17 July 1990)

**Guaranty § 2 (NCI3d) — signature as president of company or as
individual — genuine issue of fact — summary judgment improper**

In an action to recover on an open account and an "Agree-
ment of Guarantee," the trial court erred in entering summary
judgment for defendant where there was a genuine issue of
material fact as to whether the individual defendant, who signed
the agreement, "Harry P. Rose Pres.," intended to sign only
as president of defendant corporation or whether he intended
to be personally liable.

**Am Jur 2d, Guaranty § 28.**

APPEAL by plaintiff from *Herring (Darius B., Jr.), Judge.* Judg-
ment entered 28 July 1989 in Superior Court, LEE County. Heard
in the Court of Appeals 4 June 1990.

This is a civil action wherein plaintiff seeks to recover $72,663.41
allegedly owed by defendants pursuant to a contract for the sale
of goods and an accompanying "Agreement of Guarantee." The
record discloses the following uncontroverted facts: On 17 July
1978, defendant Harry P. Rose executed an "Agreement of
Guarantee" with plaintiff for the extension of credit to defendant
Boyce Insulation Co., Inc. (hereinafter "Boyce"). The "Agreement
of Guarantee" contains the following language:

I/we, the undersigned Harry P. Rose hereby personally
guarantee payment to you at Sanford, North Carolina immediate-
ly upon a default of all present and future balances of account
due from the said purchaser (Boyce Insulation Co., Inc.) to
you, and of all notes, checks or other evidence of indebtedness
given by said purchaser to you for or on account of such balance.

THE UNDERSIGNED FURTHER AGREES that the liability of the
undersigned on this guarantee shall be immediate and shall
not be contingent upon the exercise or enforcement by you
of whatever other remedies that you may have against anyone
relative to this account.

CAROLINA-ATLANTIC DISTRIBUTORS v. BOYCE INSULATION CO.

[99 N.C. App. 577 (1990)]

Defendant Harry P. Rose signed the "Agreement of Guarantee" "Harry P. Rose Pres."

Boyce became indebted to plaintiff for goods sold and delivered upon an open account in the amount of $72,663.41. Boyce defaulted on the account, and on 1 February 1988, plaintiff instituted this action against Boyce and Harry P. Rose individually to recover the amount of the debt.

Boyce failed to file an answer in response to plaintiff's complaint, and default was entered against it by the Clerk of Superior Court, Lee County on 16 March 1988. Plaintiff filed a motion entitled "Motion for Judgment on the Pleadings" pursuant to Rule 12(c) against the individual defendant Harry P. Rose on 3 January 1989. Plaintiff also filed a "Motion to Interpret Contract" on 16 January 1989 asking the court to enter an order to have the "construction, meaning and legal effect of the parties contract . . . entitled 'Agreement of Guarantee' . . . determined as a matter of law by the Court." By stipulation and consent of the parties, Judge Herring heard plaintiff's "Motion to Interpret Contract" and treated it as a "Motion for Summary Judgment" pursuant to Rule 56 against defendant Harry P. Rose, individually. On 28 July 1989, Judge Herring entered an order denying plaintiff's "Motion for Summary Judgment" and granting summary judgment in favor of defendant Harry P. Rose, individually, dismissing the action against him. Plaintiff appealed.

*Stephenson & Stephenson, P.A., by Michael L. Stephenson, for plaintiff, appellant.*

*Northen, Blue, Little, Rooks, Thibaut & Anderson, by Charles T. L. Anderson, for defendant Harry P. Rose, appellee.*

HEDRICK, Chief Judge.

Plaintiff contends the trial court erred in denying its "Motion for Summary Judgment" and in entering summary judgment dismissing plaintiff's claim against defendant, Harry P. Rose, individually. Since the individual defendant signed the "Agreement of Guarantee" "Harry P. Rose Pres.," we cannot say as a matter of law that he intended to be personally bound, and the trial court correctly denied plaintiff's "Motion for Summary Judgment." On the other hand, we cannot say, as did the trial judge, that the individual defendant did not intend to be personally liable on the "Agreement

of Guarantee," and the trial judge erred in dismissing plaintiff's claim against the individual defendant.

Generally, summary judgment is not appropriate when motive, intent, or other subjective feelings are at issue, or when the evidence presented is susceptible to more than one interpretation. *Smith v. Currie*, 40 N.C. App. 739, 253 S.E.2d 645, *disc. rev. denied*, 297 N.C. 612, 257 S.E.2d 219 (1979). In the present case, whether defendant Harry P. Rose intended to sign the guarantee only as president of the defendant corporation or whether he intended to be personally liable is a genuine issue of material fact to be decided by the jury. Therefore, the order denying plaintiff's "Motion for Summary Judgment" will be affirmed, the order granting summary judgment for defendant Harry P. Rose will be reversed, and the cause will be remanded to the Superior Court, Lee County for further proceedings.

Affirmed in part; reversed in part.

Judges ARNOLD and GREENE concur.