SHEPARD v. RAILROAD.

(Filed February 27, 1906).

*Railroads—Cattle Guards—Towns—Stock Law—Deed to Right of Way.*

1. Section 2601, Revisal, which requires railroads to construct cattle guards at the point of entrance upon and exit from enclosed lands, applies to a town lot as well as in the country and to stock law and non-stock law territory.

2. The adoption of the stock law does not abrogate in such locality a general statute or rule of law.

3. A deed to the right of way gives a railroad no more rights than it would have acquired by condemnation.

ACTION by Wm. B. Shepard against Suffolk & Carolina Railroad Company, heard by *Judge G. W. Ward* and a jury, at the Fall Term, 1905, of the Superior Court of CHOWAN. From a judgment for the plaintiff, the defendant appealed.

*C. S. Vann* for the plaintiff.
*Pruden & Pruden* for the defendant.

CLARK, C. J.   The plaintiff owned a lot of two acres in the town of Edenton which was enclosed and used by him to pasture cows and horses. He conveyed a right of way through it to defendant railroad company who tore down the fence beyond the right of way and failed to erect a cattle guard at the entrance and exit to the lot. The plaintiff sued for damages to the fence and for failure to erect cattle guards. There was evidence that the rental value of the lot was reduced from four to three dollars per month by the failure to erect such guards. It was in evidence that the ordinances of the town forbade live stock from running at large therein. The defendant asked the court to charge that in view of such ordi-

nance the defendant was not required to erect cattle guards at the·entrance to and exit from the plaintiff's lot. The court refused to so charge and the exception to such refusal is the sole point presented, for the defendant does not resist that part of the verdict which assessed $15 for damages to the fence, but appeals from the assessment of $26 damage from failure to put in the cattle guards.

The Revisal, section 2601, reads as follows: "Every incorporated company owning, operating or constructing, or which shall hereafter own, operate or construct, or any company which shall be hereafter incorporated and shall own, operate or construct any railroad passing through and over the land of any person now enclosed or which may hereafter become enclosed, shall at its own expense construct and constantly maintain in good and safe condition good and sufficient cattle guards at the point of entrance upon and exit from said enclosed lands, and they shall also make and keep in constant repair crossings to any plantation road thereupon. Every such corporation which shall fail to erect and constantly maintain such cattle guards and crossings shall be guilty of a misdemeanor and fined in the discretion of the court, and further liable in action for damages to the party aggrieved."

The defendant contends that this statute does not apply to a lot in town nor to stock law territory, but there is nothing in the statute that discriminates between town and country, nor between stock law and non-stock law territory, and the courts are not empowered to write any discrimination into the statute. The adoption of the stock law does not abrogate in such locality a general statute or rule of law. *Roberts v. Railroad,* 88 N. C., 562. The fact that stock are not allowed to run at large in Edenton made it all the more imperative that the defendant should put up cattle guards where its track passed through the fences of plaintiff's pasture, else stock could not be confined therein and the pasture would become worthless for such purpose.

The defendant contends that it will be a burden if railroad companies are compelled to put up cattle guards wherever they cross the line of every small lot in town. Few lot owners will demand that this be done and if it should prove an unjust burden there is a ready remedy by application to the Legislature to amend the statute. Here if the plaintiff's two acre pasture were in the country it would not be contended the defendant should not put in cattle guards. We fail to perceive any reason why the plaintiff's pasture shall be destroyed with impunity by failure to put in cattle guards to keep in his cows and horses merely because the pasture lies inside the town limits.

The deed to the right of way gives the defendant no more rights than he would have acquired by condemnation. *Hodges v. Tel. Co.*, 133 N. C., 233.

No Error.