MARVIN JESSE HARRIS, Plaintiff v. SOUTHERN RAILWAY COMPANY, a
Virginia Corporation, Defendant

No. 902SC85

(Filed 2 October 1990)

Railways § 2 (NCI3d) — action to relocate railroad crossing — no
authority to order

The trial court erred by requiring defendant to construct
and maintain a railway crossing on plaintiff's land at the loca-
tion requested by plaintiff where plaintiff acquired a 116.65-acre
parcel of land in 1983; the property was divided into western
and eastern portions by defendant's railroad easement; plain-
tiff used the western portion for agricultural purposes and
the eastern for residential development; the sole access from
the eastern to the western portion was by crossing defendant's
easement and railroad tracks using a 16-foot wide railroad
crossing; there was another crossing which had not been used
for decades; plaintiff requested that defendant upgrade and
relocate the crossing in 1987; defendant refused unless plaintiff
would abandon the existing crossing, bear the cost of construc-
tion, and agree to indemnify defendant and provide liability
insurance for $2,000,000; plaintiff refused to indemnify or in-
sure defendant and brought this action to obtain adequate
access to his western property; plaintiff began developing the
western property for residential purposes during the pendency
of this action; and the trial court ordered defendant to con-
struct and maintain the crossing at the location requested
by plaintiff. The trial court had no authority under common
or statutory law to direct defendant to move its railroad cross-
ing to the location requested by plaintiff; defendant does have
a duty to maintain crossings over existing private or public
roads and plaintiff may bring an action against defendant to
repair and upgrade the crossing. N.C.G.S. § 62-226, N.C.G.S.
§ 136-69, N.C.G.S. § 62-224.

**Am Jur 2d, Railroads §§ 91-94, 97.**

APPEAL by defendant from judgment entered 16 October 1989
by *Judge Thomas S. Watts* in BEAUFORT County Superior Court.
Heard in the Court of Appeals 29 August 1990.

This appeal arises from plaintiff's claim filed 25 February 1988, seeking an order requiring defendant to relocate and construct a new railroad crossing on plaintiff's land. Trial began during the 9 October 1989 civil session in Beaufort County Superior Court. After arguments of counsel, a view of the premises as requested by the parties and consideration of other evidence, the trial court made findings of fact, conclusions of law and entered its order that defendant construct a new railroad crossing at the location requested by plaintiff. The trial court further ordered that plaintiff's claim for damages be severed and considered at a later term.

From this order, defendant appeals.

*Carter, Archie & Hassell, by Sid Hassell, Jr., for plaintiff-appellee.*

*Ward and Smith, P.A., by John A. J. Ward, Donalt J. Eglinton and Cheryl A. Marteney, for defendant-appellant.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in requiring defendant to construct and maintain a new railroad crossing on plaintiff's land at the location requested by plaintiff. For the following reasons, we hold that the trial court erred.

The following facts are pertinent to this action. In 1983, plaintiff acquired by fee simple a parcel of land containing 116.65 acres, subject to defendant's easement. The property includes two tracts of land: the Wolfenden and Gurganus tracts. Defendant owns a strip of land in fee simple which divides the Gurganus tract. In addition, defendant owns an easement for a right-of-way in the Wolfenden tract. Defendant has been using its property and easement for railroad purposes continuously for over 90 years.

The eastern portion of plaintiff's property borders and fronts U.S. Highway 17. The western portion of plaintiff's property is separated from the eastern portion by defendant's railroad easement. Prior to this action, plaintiff used the western portion for agricultural purposes and the eastern portion for residential development.

The sole access from the eastern portion to the western portion has been by crossing defendant's easement and railroad tracks using an existing railroad crossing, approximately 16 feet wide,

located approximately 549 feet north of Maple Branch. Plaintiff has used this crossing since 1983. There is evidence of another crossing on the Wolfenden tract, but this crossing has not been in use for several decades.

In June 1987, plaintiff requested defendant to upgrade and relocate the crossing. Defendant refused unless plaintiff would abandon the existing crossing, bear the cost of construction, agree to indemnify defendant and provide liability insurance for defendant of $2,000,000.00. Plaintiff agreed to pay reasonable costs of construction and abandon the existing crossing, but refused to indemnify or insure defendant, and brought this action to obtain adequate access to the western portion of his property.

During the pendency of this action, plaintiff began developing the western portion of his property for residential purposes. The only access to the eastern portion of the property from the western portion is the existing crossing.

At trial, the trial court heard the arguments of the parties, reviewed the evidence and conducted a view of the crossing and property involved, and made findings of fact and conclusions of law accordingly. In its judgment, the trial court ordered defendant to construct and maintain a crossing at the location requested by plaintiff. Defendant argues that the evidence does not support the findings of fact and conclusions of law that defendant must construct and maintain a crossing at the location requested by plaintiff.

The question of the sufficiency of the evidence to support the trial court's findings of fact may be raised on appeal, and the appellate courts are bound by such findings so long as there is some evidence to support the findings even when there is evidence to support findings to the contrary. *Lyerly v. Malpass*, 82 N.C. App. 224, 346 S.E.2d 254 (1986), *disc. review denied*, 318 N.C. 695, 351 S.E.2d 748 (1987). However, when the trial court's conclusions of law involve questions of law, the appellate courts may review these on appeal. *Davison v. Duke University*, 282 N.C. 676, 712, 194 S.E.2d 761, 783 (1973) (citation omitted); *Leatherman v. Leatherman*, 297 N.C. 618, 256 S.E.2d 793 (1979).

The trial court made the following findings of fact and conclusions of law pertinent to this appeal:

FINDINGS OF FACT

9. At all times pertinent to this action access to that portion of Plaintiff's lands on the western side of Defendant's railway has been by an existing crossing sixteen feet wide over the railway lines 549.1 feet North of Maple Branch.

10. There is no written instrument establishing this crossing or setting forth the rights and duties of the parties with respect to it.

12. Prior to the filing of this lawsuit, the existing crossing was used for access to the westerly portion of Plaintiff's land. Subsequent to the filing of this lawsuit, without the consent of Defendant, vehicles, including automobiles or passenger vehicles of the persons now living on the westerly portion of Plaintiff's lands have used the existing crossing for access to the westerly portion of Plaintiff's lands.

15. On June 2, 1987, . . . , the Plaintiff requested that the crossing be relocated 304 feet to the north of its present location.

16. A map produced by Defendant at trial showed that there had been a crossing near the location of the proposed crossing at some time prior to 1915.

23. The grade crossings to the north and south of the Plaintiff's property are designated only by white "X" shaped wooden signs without lights, reflectors or mechanical arms.

24. The extension of Mary Street over the railroad track into the western parcel of the Plaintiff's property would be safer both to the Defendant and to persons travelling the road if the extension crosses the railroad track at the proposed crossing requested by the Plaintiff instead of turning onto Lynn Avenue then turning across Lot 6 of Block F of the subdivision then crossing at the existing crossing then travelling over the eastern portions of Lots 1, 2 and 3 of Block "J" to Mary Street extended as is presently being done. Use of the proposed crossing would also make Mary Street more likely to be accepted by the State into the public road system if in the future the other improvements required under the N.C. State Subdivision Manual are made.

25. Almost all of the lots in the eastern portion of the Plaintiff's property are occupied and it is not possible for the Plaintiff

**HARRIS v. SOUTHERN RAILWAY CO.**

[100 N.C. App. 373 (1990)]

to redesign Mary Street in order to safely use the existing crossing.

26. The existing crossing as presently constructed is not adequate for the safe passage of two way automobile traffic without regard to the adequacy of the approaches to it, based upon the "jury view" conducted by the undersigned at the request of both parties.

27. The construction of a crossing suitable for the passage of two way automobile traffic at the location requested by the Plaintiff would be safe for the travelling public and would not interfere with the normal operation of the Defendant's railroad.

CONCLUSIONS OF LAW

6. As the crossing is on the Defendant's right of way, only the Defendant has the right to enter upon track for the purposes of constructing and maintaining the crossing and the Defendant has a duty to construct and maintain a crossing at the location requested by Plaintiff.

We have reviewed the evidence of record and find that it supports the above findings of fact and that the findings, in turn, support the above conclusion of law, which is the subject of this appeal. We now turn to whether this conclusion of law is contrary to existing law in this state. For the following reasons, we hold that it is.

Defendant argues that plaintiff, as contended in the complaint, is not entitled to the new crossing under the cattle guard statute, N.C. Gen. Stat. § 62-226 (1989). Nor, according to the defendant, does the cartway statute apply. N.C. Gen. Stat. § 136-69 (1986). We agree and find these statutes inapplicable to the case before us.

Section 62-226 applies only to completely enclosed land and contemplates that the statute be utilized only for actions involving cattle guards or crossings. *See, e.g., Shepard v. R.R.*, 140 N.C. 391, 53 S.E. 137 (1906); *Hodges v. Railroad*, 105 N.C. 170, 10 S.E. 917 (1890). Section 136-69 applies only when a petitioner is seeking access to a public road, watercourse or railroad over the lands of *other* persons. *See Campbell v. Connor*, 77 N.C. App. 627, 335 S.E.2d 788 (1985), *aff'd*, 316 N.C. 548, 342 S.E.2d 391 (1986).

We have also reviewed N.C. Gen. Stat. § 62-224 (1989), and find that this statute applies exclusively to established roads and ways. The statute directs a railroad to construct its crossings and tracks "not to impede the passage or transportation of persons or property along the same." The statute places enforcement authority of this provision solely with the "governing body of the county, city or town, or other public road authority having charge, control or oversight of such roads, streets, or thoroughfares . . . ." N.C. Gen. Stat. § 62-224 (1989). We find no other statutes which either directly or indirectly grant the trial court authority to direct defendant to build a new crossing at a plaintiff's request.

As a general rule in most jurisdictions, a railroad company cannot be compelled to construct private crossings at its own expense for the benefit of landowners adjacent to the tracks, so long as the railroad held its right-of-way and laid its tracks prior to enactment of a statute (permitting such construction for a private crossing). 65 Am. Jur. 2d Railroads § 273 (1972). The justification for this rule is that such requirement is an unconstitutional taking of private property for a private use, without compensation. *Id.*

Further, we find no authority for this proposition under any common law theory. Plaintiff argues that under common law, he has the right as the "burdened" party to use his land in any manner, including directing defendant where to build its railroad crossing, so long as this use of the land does not interfere with defendant's right-of-way.

Plaintiff is correct that when a person's land is subject to an easement, he may use the land in any manner and for any purpose which does not interfere with the full and free use of the easement, including railroad easements. *See R.R. v. Manufacturing Co.*, 229 N.C. 695, 51 S.E.2d 301 (1948); J. Webster, *Real Estate Law in North Carolina* § 296 (1971). We find no authority, and plaintiff cites no authority, for the proposition that these rights include the right of a private citizen to direct a railroad as to the *location* of its crossings. Therefore, the trial court had no authority under the common law to direct defendant to move its railroad crossing to the location requested by plaintiff.

We note that defendant does have a duty to maintain crossings over *existing* private or public roads. *See Tate v. R.R.*, 168 N.C. 523, 84 S.E. 808 (1915). It is a well-established rule that a railroad has the duty, even in the absence of a statute, to keep its crossings

safe, whether the highway or street was built before or after the railroad. 65 Am. Jur. 2d §§ 270, 504 (1972).

In the case before us, there is evidence that the existing crossing is "not adequate for the safe passage of two way automobile traffic . . . ." If this is, in fact, the case, plaintiff may bring an action against defendant to repair and upgrade the existing crossing.

For the above reasons, we reverse the trial court's judgment of 16 October 1989.

Reversed.

Judges COZORT and DUNCAN concur.