**SUMMERLIN v. NORFOLK S. RY. CO.**

[161 N.C. App. 170 (2003)]

CASWELL LEE SUMMERLIN, JR., Plaintiff v. NORFOLK SOUTHERN RAILWAY
COMPANY, Defendant

No. COA02-1679

(Filed 4 November 2003)

**Railroads— grade crossing—summary judgment**

The trial court did not err by granting defendant railroad
company's motion for summary judgment and concluding as a
matter of law that defendant was not required to provide plaintiff
a private grade crossing across its right-of-way and railroad lines
which divide plaintiff's property, because plaintiff's property is
not enclosed as required by N.C.G.S. § 136-194.

Appeal by plaintiff from judgment entered 1 August 2002 by Judge
William C. Griffin, Jr., in Beaufort County Superior Court. Heard in
the Court of Appeals 7 October 2003.

*Carter, Archie, Hassell & Singleton, L.L.P., by Ranee Singleton,
for plaintiff-appellant.*

*Rodman, Holscher, Francisco & Peck, P.A., by R. Brantley Peck,
Jr., for defendant-appellee.*

TYSON, Judge.

Caswell Lee Summerlin, Jr. ("plaintiff") seeks to compel Norfolk
Southern Railroad Company ("defendant") to construct and main-
tain a grade crossing across defendant's railroad on plaintiff's
land. The trial court granted defendant's motion for summary judg-
ment. We affirm.

## I. Background

In 1906, the Raleigh and Pamlico Sound Railroad Company con-
veyed to defendant all rights and lines of railroad, including existing
lines and those under construction, extending from Raleigh and con-
necting Wake, Johnston, Nash, Wilson, Greene, Pitt, Craven, and
Beaufort Counties.

In 1994, Nettie Horrell conveyed a tract of land ("Summerlin
Tract") by a non-warranty deed to Southland Enterprises of Eastern
North Carolina, Inc. ("Southland"). Plaintiff was Southland's presi-
dent and executed a general warranty deed in that capacity granting
him individually the Summerlin Tract in 1994.

SUMMERLIN v. NORFOLK S. RY. CO.

[161 N.C. App. 170 (2003)]

All deeds in plaintiff's chain of title gave notice that defendant owned a 100-foot right-of-way, over and through the Summerlin Tract, splitting the tract into two parcels. The southeastern portion of the Summerlin Tract abuts U.S. Highway 17 North. The northwestern portion does not touch any public road or highway. At the time of conveyance to plaintiff, no existing crossing or private road connected the eastern and western portions of the Summerlin Tract. On 11 April 2001, defendant denied plaintiff's request for a new private grade crossing and suggested plaintiff gain ingress and egress from adjacent property owners. Weyerhaeuser Company ("Weyerhaeuser") owned a gated, private road that adjoined the northwestern portion of plaintiff's property. On 26 June 2002, Weyerhaeuser granted plaintiff a limited, non-transferable, permissive use license to utilize the road for access.

Plaintiff filed suit to obtain a private grade crossing over defendant's right-of-way and railroad lines on the Summerlin Tract to connect the tracts and provide him with direct access to the western portion of the property. Defendant moved for summary judgment on 2 July 2002 and attached an affidavit which states in part, "[s]aid tract claimed by plaintiff is not fenced nor enclosed." The trial court granted defendant's motion. Plaintiff appealed.

## II. Issue

The sole issue is whether the trial court erred by granting summary judgment and concluding as a matter of law that defendant was not required to provide plaintiff a private grade crossing across its right-of-way and railroad lines.

## III. N.C. Gen. Stat. § 136-194

"An entry of summary judgment by the trial court is fully reviewable by this Court." *Roten v. Critcher*, 135 N.C. App. 469, 472, 521 S.E.2d 140, 143 (1999). Rule 56 of the North Carolina Rules of Civil Procedure states that summary judgment will be granted "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). Plaintiff contends that N.C. Gen. Stat. § 136-194 requires defendant to construct and maintain a private grade crossing connecting the eastern and western portions of the Summerlin Tract as a matter of law.

N.C. Gen. Stat. § 136-194 (2001), entitled "Cattle guards and private crossings," states that "[e]very company owning, operating or constructing any railroad passing through and over the enclosed land of any person shall, at its own expense . . . make and keep in constant repair crossings to any private road thereupon." This statute was originally enacted in 1883, prior to defendant's acquisition of the railroad right-of-way. 1883 N.C. Sess. Laws c. 394, § 1-2 (1883). Generally, "a railroad company cannot be compelled to construct private crossings at its own expense for the benefit of landowners adjacent to the tracts, so long as the railroad held its right-of-way and laid its tracks prior to enactment of a statute." *Harris v. Southern Railway Co.*, 100 N.C. App. 373, 378, 396 S.E.2d 623, 626 (1990). Our Court has held that N.C. Gen. Stat. § 136-194, previously codified as N.C. Gen. Stat. § 62-226 (1990), "applies only to completely enclosed land and contemplates that the statute be utilized only for actions involving cattle guards or crossings." *Id.* at 377, 396 S.E.2d at 625.

North Carolina courts have refused to grant private individuals the right to direct a railroad where to locate its crossings. *Id.* at 378, 396 S.E.2d at 626. Our Supreme Court has recognized that a railroad does not have the right to obstruct an existing road. *Tate v. R.R.*, 168 N.C. 523, 525, 84 S.E 808, 809 (1915). Defendant holds a right-of-way across plaintiff's property and has an affirmative duty to maintain its railroad. *See Hartman v. Walkertown Shopping Center*, 113 N.C. App. 632, 637, 439 S.E.2d 787, 791 (1994).

When the Summerlin Tract was conveyed to plaintiff, he took the property with record notice that no road or crossing existed to connect and provide access between the divided portions of the property. Plaintiff's affidavit asserted that "my property is completely enclosed by the lands of others . . . ." Evidence before the trial court showed plaintiff's land is "not fenced nor enclosed." *See Shepard v. R.R.*, 140 N.C. 391, 53 S.E. 137 (1906).

Plaintiff used Weyerhaeuser's private road on an adjoining tract to gain access to the western portion of his property. When Weyerhaeuser gated this road, plaintiff was offered a key to gain access to the private road. He now seeks to compel defendant to provide a crossing for plaintiff's sole benefit at no cost to plaintiff. Defendant does not have a duty to construct or allow a private crossing for plaintiff's sole access to the western portion of the Summerlin Tract. This assignment of error is overruled.

### IV. Conclusion

Plaintiff's property is not enclosed as required by N.C. Gen. Stat. § 136-194. Defendant is not legally required to construct, finance, or allow a private grade crossing to connect portions of the Summerlin Tract divided by defendant's right-of-way. *Harris*, 100 N.C. App. at 378, 396 S.E.2d at 626. The trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judges WYNN and LEVINSON concur.