NORFOLK SOUTHERN RAILWAY COMPANY, Plaintiff v. WAYNE SMITH, Defendant

No. COA04-404

(Filed 19 April 2005)

**1. Railroads— right-of-way easement—presumed statutory grant**

The trial court did not err by granting plaintiff railway company's motion for summary judgment based on the conclusion that plaintiff has a right-of-way easement across defendant's property one hundred feet on each side of the center line of the railroad's track, because: (1) there is a presumed statutory grant when there are no records of purchase of the land, a taking by eminent domain, or an action by the landowner for compensation within two years of track completion; (2) easements run with the land and are not personal to the landowner; and (3) in addition to the statutory presumption of one hundred feet, there is record evidence recognizing that width.

**2. Easements— railroad—restraint or enjoinment of servient estate**

The trial court did not err by granting plaintiff railway company's motion for summary judgment based on the conclusion that the pertinent easement's servient estate can be restrained or enjoined for the benefit of the easement owner, because: (1) injunctive relief is an appropriate means for preventing servient landowners from creating risks or other interferences on a railroad's right-of-way; (2) the trial court's permanent injunction preventing defendant from construction or grading work within twenty-five feet of the center line is reasonable since a railroad has the duty, even in the absence of a statute, to keep its cross-

NORFOLK S. RY. CO. v. SMITH

[169 N.C. App. 784 (2005)]

ings safe; (3) the injunction addresses legitimate risks related to the safe maintenance of the roadbed and the management of such risks is within the sound business judgment of the railroad; and (4) the mandatory injunctions were proper to protect the enjoyment of plaintiff's easement since defendant's actions created foreseeable risks to plaintiff's safe operation of the railroad.

Appeal by defendant from judgment entered 10 October 2003 by Judge James U. Downs in Jackson County Superior Court. Heard in the Court of Appeals 31 January 2005.

*Adams Hendon Carson Crow & Saenger, P.A., by E. Thomison Holman, for plaintiff-appellee.*

*McLean Law Firm, P.A., by Russell L. McLean, III, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant-appellant bought adjoining parcels of land in Jackson County in 1995 and 1996. Plaintiff-appellee's railroad bisects the two parcels. In February of 2002, plaintiff brought this action alleging that defendant was performing construction work close to the tracks, including grading work and excavation on the land adjacent to the tracks, which could threaten the structural integrity of the roadbed and the safe operation of plaintiff's trains. Plaintiff also alleged that defendant was placing mobile home utility hook-ups immediately adjacent to the tracks for the purpose of developing a mobile home park on the land and had obstructed the sight distance of vehicular traffic using the State Road 1432 automobile crossing. Plaintiff alleged that it had a right-of-way of 100 feet on each side of the center of the track and sought injunctive relief. A temporary restraining order, and subsequently a preliminary injunction, were issued, restraining defendant from engaging in further construction activities pending trial.

Defendant filed an answer denying plaintiff's right-of-way and asserting that he had a right to use his property and perform the work. Defendant also asserted a counterclaim seeking a determination of the existence of any right-of-way and its width, and seeking compensation therefor. Both parties engaged in discovery, and in October, 2002 plaintiff amended its complaint to allege that defendant had installed a water line underneath the track roadbed which further threatened the structural integrity of the roadbed. After a

**NORFOLK S. RY. CO. v. SMITH**

[169 N.C. App. 784 (2005)]

hearing, defendant was further enjoined, pending trial, from using the water line.

Plaintiff moved for partial summary judgment establishing the existence and scope of its right-of-way and permanently enjoining defendant from conducting further construction or using the water line. The trial court granted summary judgment holding that the plaintiff had a right-of-way one hundred feet from the centerline on each side of the track and granting a permanent injunction preventing defendant from using the water line or continuing with any construction within twenty-five feet of the track center line, and requiring defendant to construct a chain link fence between the mobile home park and the railroad track. Defendant appeals.

Defendant argues on appeal that the trial court erred in granting plaintiff's motion for summary judgment. "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminex Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). The burden is upon the moving party to show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982). If the moving party satisfies its burden, the burden shifts to the non-movant to set forth specific facts showing there exists a triable issue of fact. *Id.*

[1] Two principal issues are presented in this appeal: (1) whether the trial court erred in concluding that plaintiff has a right-of-way easement across defendant's property one hundred feet on each side of the center line of the railroad's track; and (2) whether the easement's servient estate can be restrained or enjoined for the benefit of the easement owner.

Section twenty-nine of "An Act to Incorporate the Western North Carolina Railroad Company" (the Act), Private Laws of North Carolina 1854-'55, Chapter 228, § 29, provided the Western North Carolina Railroad Company (WNC), plaintiff's predecessor in interest, with three methods of acquiring property for building its road. The first method was by purchase of land in fee simple from an owner. The second method was through State condemnation of the land by eminent domain and providing the land in fee simple to the railroad. The third method was by statutory presumption, which

required the railroad to build a track in the absence of a contract with the landowner and then allowed the landowner to call for a land assessment to be paid within two years from the completion of the track. If the landowner did not apply for compensation in that period, the statutory presumption provided the railroad with a right-of-way one hundred feet to either side of the tracks as long as it continued to be used for a railroad. The first two methods are inapplicable in this case. The chain of title for defendant's property discloses no record of WNC ownership of the land in fee simple, nor is there any record of State condemnation of defendant's land.

To establish its right-of-way by statutory presumption, plaintiff had the burden of showing, by a preponderance of the evidence, that there had been no contract between its predecessor and defendant's predecessor in title, and that the landowner at the time had not applied for compensation within two years after the track was built. *Keziah v. R.R.*, 272 N.C. 299, 307, 158 S.E.2d 539, 545 (1968). At trial, plaintiff presented evidence that the WNC railroad through Jackson County was completed between 1882 and 1884, that there was no record of a contract with the landowner during that time, and that there was no application by the landowner for compensation within the two years. Defendant did not refute this evidence.

Instead, defendant argues that the Act did not provide for the extension of the WNC railroad through Jackson County, where his land is located, therefore plaintiff cannot rely on the Act's methods for acquiring property in Jackson County. This argument is without merit. The Act originally authorized the railroad to construct a railway to a point beyond the French Broad River. Private Laws of North Carolina 1854-'55, Chapter 228, § 29; *see also Railroad v. Rollins*, 82 N.C. 523, 524 (1880). The legislature subsequently passed "An Act to Amend an Act Entitled an Act to Incorporate the Western North-Carolina Railroad Company, Passed at the Session of 1854-'55, and also an Act Amendatory Thereof Passed at the Session of 1856-'57," Private Laws of North Carolina 1858-'59, Chapter 170, § 3, providing for survey work to the Tennessee state line which would run through Jackson County. Successive amendments such as "An Act to Aid in the Completion of the Western Division of the Western North Carolina Railroad," Public Laws of North Carolina 1871-'72, Chapter 150, tend to show survey approval by the legislature.

Defendant also suggests that the lapse of the WNC Railroad's corporate existence necessarily eliminated the easement gained by statutory presumption. This position, too, is untenable. Easements

run with the land and are not personal to the landowner. *Brown v. Weaver-Rogers Assoc.*, 131 N.C. App. 120, 123, 505 S.E.2d 322, 324 (1998), *disc. rev. denied*, 350 N.C. 92, 532 S.E.2d 523 (1999). Plaintiff, as WNC's successor in interest, properly succeeded to all the rights that WNC had in the right-of-way on defendant's land.

Defendant further argues the trial court erred in finding the scope of the right-of-way measures one hundred feet on either side of the track. In addition to the statutory presumption of one hundred feet, there is record evidence recognizing that width. In 1924, plaintiff purchased an easement from a predecessor in title to defendant's land. The deed granted plaintiff an easement to lay a pipeline across unencumbered property outside the right-of-way. The owner described the location of the new easement by relation to plaintiff's right-of-way "which is 100 feet in width on either side of the center line of its main track." The physical presence of the railroad track gave defendant notice that a right-of-way existed, and the 1924 deed recorded with the county registrar gave additional notice of the right-of-way's width.

The trial court correctly ruled that plaintiff is entitled to a right-of-way of one hundred feet on each side of the center of the track to be occupied and used for railroad purposes. There is a presumed statutory grant when there are no records of purchase of the land by WNC, a taking by eminent domain, or an action by the landowner for compensation within two years of track completion. *R.R. v. Manufacturing Co.*, 229 N.C. 695, 699, 51 S.E.2d 301, 305 (1949). Subsequent acts of the legislature to complete the railroad line running across defendant's land verify legislative approval of the track surveys. We find no genuine issue of material fact regarding the existence of plaintiff's right-of-way one hundred feet from either side of the track's centerline. There is no genuine issue as to the existence and extent of plaintiff's right-of-way, and the trial court properly granted summary judgment in favor of plaintiff as to that issue.

[2] The existence and extent of the right-of-way having been established, the issue remains as to whether defendant's use of the servient estate may be restrained or enjoined for the benefit of the easement owner. Areas of a right-of-way not required for railroad purposes may be used by the servient owner in manners not inconsistent with the right-of-way. *Bivens v. R.R.*, 247 N.C. 711, 716, 102 S.E.2d 128, 132-33 (1958); *Tighe v. R.R.*, 176 N.C. 239, 244, 97 S.E. 164, 166 (1918); *R.R. v. Sturgeon*, 120 N.C. 225, 227-28, 26 S.E. 779, 780 (1897). However, the owner's use is subject to the railroad's easement. "[F]urther

appropriation and use by [the railroad] of the right of way for necessary railroad business may not be destroyed or impaired by reason of the occupation of it by the owner or any other person." *Keziah*, 272 N.C. at 308, 158 S.E.2d at 546 (citing N.C. Gen. Stat. § 1-44). The railroad may expand its use of the right-of-way, to the extent of its statutory right, for any legitimate purpose as determined by the railroad's sound business judgment. *Manufacturing Co.* at 701, 51 S.E.2d at 306.

"Use" by the railroad includes managing safety risks on its right-of-way. A railroad is held accountable for the condition of the right-of-way, *R.R. v. Olive*, 142 N.C. 257, 275, 55 S.E. 263, 269 (1906), therefore a servient landowner may not unilaterally create risks that interfere with the railroad's maintenance of the right-of-way. In *Olive*, our Supreme Court observed:

> It would seem clear that when, as in the case of a railroad company, a right-of-way is acquired by any of the statutory methods, or by grant, for the purpose of enabling it to perform its duty to the public, such easement will be protected by injunction. It would be unreasonable to permit a railroad company to acquire a right-of-way for the purpose of constructing its tracks and necessary buildings and, when it is invaded or its enjoyment interfered with, confine the company to an action for damages. In this way the operation of railroads might be so much hindered that they would not be able to discharge their public duties, the primary object for which they are chartered.

*Id.* at 264, 55 S.E. at 265. Therefore, injunctive relief is an appropriate means for preventing servient landowners from creating risks or other interferences on a railroad's right-of-way.

The trial court's permanent injunction preventing defendant from construction or grading work within twenty-five feet of the center line is reasonable. As we have noted, a railroad has the duty, even in the absence of a statute, to keep its crossings safe. *Harris v. Southern Railway Co.*, 100 N.C. App. 373, 378-79, 396 S.E.2d 623, 626 (1990). The close proximity of buildings or grading work to the tracks may obstruct the view of the automobile crossing, making it unsafe and interfering with the railroad's duty to maintain safe crossings.

Similarly, the trial court properly enjoined excavation near the tracks and use of the water pipe beneath the tracks. Excavation and unapproved pipe installation may damage the track bed and create

risks to railroad operation. The injunction, therefore, addresses legitimate risks related to the safe maintenance of the roadbed, and the management of such risks is within the sound business judgment of the railroad. *Manufacturing Co.* at 701, 51 S.E.2d at 306.

Injunctions may be mandatory as well as preventive. The trial court ordered defendant to construct a safety fence to separate the mobile home community from plaintiff's track and to cap the water lines running underneath the railroad bed. Because defendant's actions created foreseeable risks to plaintiff's safe operation of the railroad, these mandatory injunctions were proper to protect the enjoyment of plaintiff's easement. *See Manufacturing Co.*, *supra*; *R.R. v. R.R.*, 237 N.C. 88, 94, 74 S.E.2d 430, 434 (1953) (stating that "[a] mandatory injunction based on sufficient allegations of wrongful invasion of an apparent right may be issued to restore the original situation").

The order from which defendant appeals is affirmed.

AFFIRMED.

Judges McCULLOUGH and ELMORE concur.