SCHWARZ & SCHWARZ, LLC, Plaintiff v. CALDWELL COUNTY RAILROAD CO. and CALDWELL COUNTY ECONOMIC DEVELOPMENT COMMISSION, INC., Defendants

No. COA08-1458

(Filed 16 June 2009)

**Railroads— crossing blocked by railroad—railroad purpose easement**

The trial court did not err by granting summary judgment for defendant railroad in an action that began when the railroad blocked a crossing after damage from a truck leaving a facility owned by plaintiff. There was no indication that an easement by necessity arose when the railroad was constructed, the continued

use of the crossing since the 1940's cannot estop defendant from closing the crossing, and a railroad has the authority and ability to expand its use of a right-of-way to manage safety risks. N.C.G.S. § 1-44.

Appeal by plaintiff from judgment entered 15 August 2008 by Judge Timothy L. Patti in Caldwell County Superior Court. Heard in the Court of Appeals 23 April 2009.

*Parker Poe Adams & Bernstein LLP, by Charles E. Raynal, IV, John J. Butler, and Jamie S. Schwedler, for plaintiff-appellant.*

*Williams Mullen, by Gilbert C. Laite III and Kelly C. Hanley, for defendant-appellees.*

BRYANT, Judge.

Schwarz & Schwarz, LLC (plaintiff) appeals from an order granting summary judgment in favor of Caldwell County Railroad Company (defendant) and Caldwell County Economic Development Commission, Inc. (Caldwell County EDC). We affirm.

*Facts*

In 2001, plaintiff purchased a fee simple interest in a 43.5 acre parcel of land from Singer Furniture Company, a furniture manufacturing company that operated its business on the site from the 1940's until the 1990's. Plaintiff leases the facility to commercial tenants who use the facility for manufacturing or storage purposes.

Defendant Caldwell County EDC owns a 100-foot railroad right-of-way easement located along the eastern boundary of the property which physically separates the property from Norwood Road, a public road. A deed to a 100-foot easement was first obtained in 1902 by the Carolina and Northwestern Railroad (C&NR) which remained in possession of the easement through several mergers until 1995, when the successor of C&NR, Southern Railway, conveyed the right-of-way to the Caldwell County EDC. The right-of-way is currently leased by defendant and defendant has operated trains over the right-of-way since 1995.

Prior to the 1940's, no crossing existed over the right-of-way. Around 1945 or 1946 a crossing was constructed during development of the property. No easements, agreements, crossing rights, or other

record documents convey a right to establish or maintain a crossing over the right-of-way.

The current litigation arose when the crossing was damaged by a truck's docking gear that caught on the track after leaving the loading docks of the facility on 8 December 2005. On 10 December 2005, defendants repaired, then barricaded the tracks, preventing any trucks from crossing the railroad. Plaintiff requested that defendant restore the tracks to their condition prior to the damage and remove the barrier in order for trucks to cross the railroad and have access to the facility. In response, defendant requested that plaintiff execute a licensing agreement before it would reopen the crossing. The agreement required an $1,800 per year maintenance fee and required plaintiff to provide insurance. Plaintiff refused to sign the agreement and filed an action against defendant on 27 February 2006 for trespass to land and declaratory judgment.

Defendant filed a motion for summary judgment on 10 April 2008. On 16 April 2008, plaintiff also filed a motion for summary judgment. Summary judgment was granted in favor of defendant on 15 August 2008. Plaintiff appeals.

---

Plaintiff argues on appeal that the trial court erred in granting defendant's motion for summary judgment. We disagree.

The standard of review on appeal from a summary judgment order is *de novo. Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). The question is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. *Gattis v. Scotland Cty. Bd. of Educ.*, 173 N.C. App. 638, 639, 622 S.E.2d 630, 631 (2005). The evidence is viewed in the light most favorable to the non-moving party. *Collingwood v. G. E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

Plaintiff's arguments present three essential issues: (I) whether the crossing arose out of an easement by necessity; (II) whether defendant is estopped from preventing use of the property because plaintiff and its predecessors have used the crossing since the 1940's; and (III) whether closing the crossing exceeds reasonable use of the easement.

*I*

Undisputed in the present case is the fact that a railroad easement exists and that defendant controls the easement through lease of the easement from the Caldwell County EDC. Defendant also presented uncontroverted evidence establishing that the railroad right-of-way existed prior to the crossing that was constructed during the 1940's and that no deed reserved an express easement regarding the crossing. Plaintiff has produced no record evidence that controverts defendant's evidence or shows the crossing existed at the time the railroad was constructed. Plaintiff has also failed to produce any evidence of an express easement reserving a right to use the crossing. Thus, the question becomes whether the crossing was created by necessity.

To prove an easement by necessity, plaintiff must show:

(i) the claimed dominant tract and the claimed subservient tract were once held in common ownership that was severed by a conveyance and

(ii) the necessity for the easement arose out of the conveyance.

*Cieszko v. Clark*, 92 N.C. App. 290, 296, 374 S.E.2d 456, 460 (1988) ("[U]nder the appropriate circumstances, the law of this State will imply an easement by necessity in favor of a grantor."). Plaintiff has not established by record evidence that the necessity for the easement arose out of the conveyance of the property to the railroad company in 1902. However, defendant presented evidence that until the 1940's the property which plaintiff now owns was a meadow possibly used as a berry patch. Even viewing the evidence in the light most favorable to the plaintiff, there is no indication that an easement by necessity arose at the time the railroad was constructed.

*II*

Plaintiff argues defendant should be estopped from closing the crossing because plaintiff and its predecessors in interest have used the crossing since the 1940's. The continued use of the crossing by plaintiff and its predecessor in interest since the 1940's cannot estop defendant from closing the crossing. This principle is soundly established in N.C. Gen. Stat. § 1-44 which provides:

No railroad, plank road, turnpike or canal company may be barred of, or presumed to have conveyed, any real estate, right-of-way, easement, leasehold, or other interest in the soil which has been condemned, or otherwise obtained for its use, as a right-of-

way, depot, station house or place of landing, by any statute of limitation or by occupation of the same by any person whatever.

N.C.G.S. § 1-44 (2007). Although the crossing has been in use for over sixty years, plaintiff cannot rely on the doctrine of estoppel to prevent defendant from closing the crossing.

*III*

Finally, plaintiff's argument that defendant cannot increase the burden of its easement on plaintiff's fee simple estate is erroneous. Plaintiff contends defendant's decision to close the crossing exceeded the reasonable use of the easement and was an increased burden on plaintiff's property. Plaintiff's assertion may be a correct statement of law applicable to most easements. However, because the easement at issue in the instant case is a railroad purpose easement, plaintiff's assertion is erroneous.

In the case of a railroad purpose easement, a property owner may use areas of the right-of-way that are not required for railroad purposes. *Norfolk S. Ry. Co. v. Smith*, 169 N.C. App. 784, 788, 611 S.E.2d 427, 430 (2005). "However, the owner's use is subject to the railroad's easement." *Id.*

> It is well settled by statute and precedent in this jurisdiction that when a railroad has acquired and entered upon the enjoyment of its easement, the further appropriation and use by it of the right of way for necessary railroad business may not be destroyed or impaired by reason of the occupation of it by the owner or any other person.

*Keziah v. Seaboard Air Line R. Co.*, 272 N.C. 299, 308, 158 S.E.2d 539, 546 (1968). "The railroad may expand its use of the right-of-way, to the extent of its statutory right, for any legitimate purpose as determined by the railroad's sound business judgment." *Norfolk*, 169 N.C. App. at 789, 611 S.E.2d at 430. " 'Use' by the railroad includes managing safety risks on its right-of-way." *Id.* Because a railroad is required to maintain the safety of the right-of-way, a property owner cannot create risks that interfere with the railroad's maintenance of the right-of-way. *Id.*

The law surrounding railroad purpose easements is clear. A railroad has the authority and ability to expand its use of a right-of-way to manage safety risks. As such, it was within defendant's authority to determine that the crossing interfered with the use of the railroad and subsequently close the crossing.

For the foregoing reasons, the trial court did not err by granting summary judgment in favor of defendant.

AFFIRMED.

Judges GEER and STEPHENS concur.