CALVIN WOODARD and wife, CHRIS ANN WOODARD, Plaintiffs,
v.
CLEVELAND COUNTY, and WILLIAM E. McCARTER and TERRY CLARK, both Officially and Individually, Defendants.
No. COA09-598.
Court of Appeals of North Carolina.
Filed February 16, 2010.
This case not for publication.
Flowers & Martin, P.A., by Fred A. Flowers, for plaintiffs-appellees.
Womble Carlyle Sandridge & Rice, PLLC, by Sean F. Perrin, for defendants-appellants.
CALABRIA, Judge.
William McCarter ("McCarter"), in his individual capacity, and Terry Clark ("Clark") (collectively "defendants"), in his individual capacity, appeal an order denying their motion for summary judgment on grounds of public official immunity. We affirm.

I. BACKGROUND
In 2002, Moayyad Al-Nasra ("Al-Nasra") owned lots and homes located at 319 and 321 Kellum Drive ("the Kellum Drive properties") in Cleveland County ("the county"), North Carolina. The county employed McCarter as Code Enforcement Officer and Clark as Building Inspector. On 31 August 2004, Al-Nasra deeded the Kellum Drive properties by quitclaim deeds to Calvin Woodard ("Mr. Woodard") and wife Chris Ann Woodard ("Mrs. Woodard") (collectively "plaintiffs"). On 10 August and 12 October 2005, the county issued building permits to plaintiffs in order to enable them to work on the homes.
On 2 November 2005, the Cleveland County Board of Commissioners ("the Commissioners") approved an ordinance authorizing McCarter to demolish the Kellum Drive properties because they violated portions of the Cleveland County Minimum Housing Code ("the code"). Plaintiffs had neither notice of the hearing nor an opportunity to be heard regarding any improvements that had been made. In December 2005, McCarter reinspected the properties and found violations of the code, but did not notify the plaintiffs. On 25 February 2006, defendants burned and destroyed the Kellum Drive properties. At the time the homes were burned and destroyed, plaintiffs had not removed their personal property that was inside the homes on the properties.
On 20 November 2007, plaintiffs filed a complaint against the county and defendants in Cleveland County Superior Court, alleging trespass, conversion, negligence, tortious conduct, condemnation, improper lien, and claiming the defendants' actions destroyed plaintiffs' property contrary to statutory procedure and constituted a taking without just compensation in violation of North Carolina Const. art. I, § 19 (2007), county ordinances, and due process of law. On 24 November 2008, the trial court granted plaintiffs' motion to amend their complaint and add McCarter and Clark as defendants in their official and individual capacities. On 3 December 2008, defendants filed a motion for summary judgment contending they were entitled to judgment as a matter of law because plaintiffs' claims were barred by public official immunity.
On 12 February 2009, the trial court denied defendants' motion for summary judgment based on public official immunity. Defendants appeal.

II. PUBLIC OFFICIAL IMMUNITY
As an initial matter, we note that an order denying summary judgment is an interlocutory order and generally not immediately appealable. See Hallman v. Charlotte-Mecklenburg Bd. of Educ., 124 N.C. App. 435, 437, 477 S.E.2d 179, 180 (1996). "If, however, `the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review[,]' we may review the appeal under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1)." McCallum v. N.C. Coop. Extension Serv., 142 N.C. App. 48, 50, 542 S.E.2d 227, 230-31 (2001) (quoting N.C. Dept. of Transportation v. Page, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. Whether a substantial right is affected is determined on a case-by-case basis." Id. at 50, 542 S.E.2d at 231 (internal citations omitted). "Orders denying dispositive motions based on public official's immunity affect a substantial right and are immediately appealable." Summey v. Barker, 142 N.C. App. 688, 689, 544 S.E.2d 262, 264 (2001) (citing Taylor v. Ashburn, 112 N.C. App. 604, 436 S.E.2d 276 (1993), aff'd. as modified, 357 N.C. 492, 586 S.E.2d 247 (2003)). Therefore, defendants' appeal is properly before this Court.
Defendants argue that the trial court erred in denying their motion for summary judgment on grounds of public official immunity. We disagree.
"The standard of review on appeal from a summary judgment order is de novo." Schwarz v. Caldwell County R. Co., ___ N.C. App. ___, ___, 677 S.E.2d 546, 548 (2009) (citation omitted). "Summary judgment is appropriate if `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" Forbis v. Neal, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007)).
The party moving for summary judgment has the burden of establishing the lack of any triable issue. The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.
Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (internal citation omitted). "The evidence is viewed in the light most favorable to the non-moving party." Schwarz, ___ N.C. App. at ___, 677 S.E.2d at 548.
In the instant case, the trial court entered the order "after reviewing the pleadings and matter of record, together with arguments of counsel[.]" Furthermore, while the record contains the pleadings, it does not include any discovery materials. In their brief, defendants cite to various items in the appendix to their brief, which purportedly includes deposition transcripts. However, the North Carolina Rules of Appellate Procedure are clear. "In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings..., and any items filed with the record on appeal pursuant to Rule 9(c) and 9(d)." N.C. R. App. P. 9(a) (2009) (emphasis added). "It is well settled that the Rules of Appellate Procedure are mandatory and not directory." State v. Hart, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (internal quotations and citations omitted). "Matters discussed in the brief outside the record ordinarily will not be considered since the record certified to the Court imports verity and we are bound by it." State v. Hedrick, 289 N.C. 232, 234-35, 221 S.E.2d 350, 352 (1976); In re Tyner, 106 N.C. App. 480, 483, 417 S.E.2d 260, 261 (1992). Therefore, in the instant case, we shall consider only the pleadings. Thompson v. Town of Dallas, 142 N.C. App. 651, 654-55, 543 S.E.2d 901, 904-05 (2001).
"It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." Smith v. Hefner, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952).
Our courts have recognized several basic distinctions between a public official and a public employee, including: (1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties.
Isenhour v. Hutto, 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999) (citations omitted).
In Wiggins v. City of Monroe, we held that a chief building inspector who orders the demolition of a person's dwelling under N.C. Gen. Stat. § 160A-441 et seq., was a public official because he was "performing governmental duties involving the exercise of judgment and discretion." 73 N.C. App. 44, 48-49, 326 S.E.2d 39, 43 (1985). In McCoy v. Coker, we held that a building inspector was a public official because "[h]is position was created by statute, in that position he exercise[d] a portion of the sovereign power delegated to him, through [the] County, by statute, and work in his official capacity require[d] that he exercise discretion." 174 N.C. App. 311, 319, 620 S.E.2d 691, 696 (2005).
In the instant case, McCarter was the Code Enforcement Officer of the Cleveland County Planning Department. On 1 November 2005, McCarter requested an ordinance from the Commissioners to demolish the Kellum Drive properties. Therefore, McCarter is a public official for the purposes of public official immunity. Clark was a building inspector for the county. Therefore, he is also a public official for the purposes of public official immunity.
"To withstand a [public official's] motion for summary judgment on the issue of individual capacity, plaintiffs must allege and forecast evidence demonstrating that the [official] acted maliciously, corruptly, or beyond the scope of duty." Prior v. Pruett, 143 N.C. App. 612, 623, 550 S.E.2d 166, 173-74 (2001). If a plaintiff makes a prima facie showing that the defendants acted outside the scope of their official authority, summary judgment is inappropriate. Price v. Davis, 132 N.C. App. 556, 562, 512 S.E.2d 783, 788 (1999).
"No person shall be...in any manner deprived of his life, liberty, or property, but by the law of the land." N.C. Const. art. I, § 19 (2007).
N.C. Gen. Stat. § 160A-441 confers upon cities and counties the power to exercise their police powers by adopting and enforcing ordinances ordering a property owner to repair, close, or demolish dwellings that are determined to be unfit for human habitation and therefore dangerous and injurious to the health and safety of the public. The statute specifically states that cities and counties may exercise such powers only "in the manner herein provided."
Newton v. City of Winston-Salem, 92 N.C. App. 446, 449, 374 S.E.2d 488, 490-91 (1988) (quoting N.C. Gen. Stat. § 160A-441 (1988)) (internal citation omitted). The authority of defendants to order the demolition of a building is limited both by the Constitution and by the enabling legislation of N.C. Gen. Stat. § 160A-441 et seq. Id. at 449, 374 S.E.2d at 491.
Ordinances authorized by N.C. Gen. Stat. § 160A-441 et seq. (2007) must include certain provisions. One of these mandatory provisions states that notice and hearing are required before a public officer declares a dwelling unfit for human habitation. N.C. Gen. Stat. § 160A-443(3) (2007). Findings of fact in support of this determination must be served on the owner of the property. Id. The language of the code complies with these requirements. CLEVELAND CTY., N.C., MINIMUM HOUSING CODE, Art. III, § 3.5-44 (2000). Such ordinances must also have a requirement stating that "if the owner fails to comply with an order to remove or demolish the dwelling, the public officer may cause such dwelling to be removed or demolished." N.C. Gen. Stat. § 160A-443(5) (2007). This requirement is reflected in § 3.5-45 of the code. CLEVELAND CTY., N.C., MINIMUM HOUSING CODE, Art. III, § 3.5-45 (2000). These ordinances are also required to provide that:
c. If the dwelling is removed or demolished by the public officer, he shall sell the materials of the dwelling, and any personal property, fixtures or appurtenances found in or attached to the dwelling, and shall credit the proceeds of the sale against the cost of the removal or demolition and any balance remaining shall be deposited in the superior court by the public officer, shall be secured in a manner directed by the court, and shall be disbursed by the court to the persons found to be entitled thereto by final order or decree of the court.
N.C. Gen. Stat. § 160A-443(6)(c) (2007). This requirement is reflected in § 3.5-48 of the code. CLEVELAND CTY., N.C., MINIMUM HOUSING CODE, Art. III, § 3.5-48 (2000).
Furthermore, N.C. Gen. Stat. § 160A-443 (2007) requires that "[n]o such ordinance shall be adopted to require demolition of a dwelling until the owner has first been given a reasonable opportunity to bring it into conformity with the housing code." N.C. Gen. Stat. § 160A-443(5) (2007) (emphasis added).
[W]here one of the questions raised by a motion for summary judgment is one concerning the reasonableness of the actions of the movant, summary judgment is normally inappropriate, since the resolution of the question "necessarily involves conflicting interpretations of the perceived events, and even where all the surrounding facts and circumstances are known, reasonable minds may still differ over their application to the legal principles involved."
Farmers Bank v. City of Elizabeth City, 54 N.C. App. 110, 115, 282 S.E.2d 580, 584 (1981) (quoting Smith v. Currie, 40 N.C. App. 739, 743, 253 S.E.2d 645, 647 (1979)). "`[E]valuating the reasonableness of human conduct is undeniable within the core area of jury competence.'" Thompson v. Farmer, 945 F.Supp. 109, 115 (W.D.N.C. 1996) (quoting Sloman v. Tadlock, 21 F.3d 1462, 1468 (9th Cir. 1994)).
In the instant case, on 31 August 2004, plaintiffs became owners of the Kellum Drive properties. On 2 November 2005, the Commissioners passed ordinances authorizing McCarter to demolish the Kellum Drive properties. In their complaint, plaintiffs alleged that they secured building permits to repair the Kellum Drive properties. Plaintiffs also alleged that on 1 November 2005, without notice to plaintiffs, McCarter appeared before the Commissioners and secured passage of ordinances to demolish the properties. Furthermore, plaintiffs alleged that on 12 December 2005, McCarter did a "follow-up inspection" on the Kellum Drive properties but did not contact plaintiffs subsequent to this inspection. Defendants denied each of these allegations. Each of these disputed allegations is material in determining whether defendants acted beyond the scope of their duties as authorized in N.C. Gen. Stat. § 160A-441 et seq. and the code and whether defendants gave plaintiffs a "reasonable opportunity" to bring the Kellum Drive properties into conformity with the code. Since there is a genuine issue of material fact as to whether defendants acted beyond the scope of their authority and as to the reasonableness of defendants' actions, summary judgment is inappropriate.

III. CONCLUSION
We hold that the trial court properly denied defendants' motion for summary judgment on the grounds of public official immunity.
Affirmed.
Judge BEASLEY concurs.
Judge WYNN concurs in the result.
Report per Rule 30(e).